**STATE of Tennessee, Appellee,**

v.

**Billy "Carmack" Reeves BROWN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 28, 1983.

Permission to Appeal Denied June 27, 1983.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Ann Hattaway, Asst. Atty. Gen., Nashville, Bobby Capers, Asst. Dist. Atty. Gen., Lebanon, for appellee.

Susan L. Kay, Vanderbilt Legal Aid Society, Nashville, for appellant.

OPINION

O'BRIEN, Judge.

This case comes to this Court on appeal from denial of post-conviction relief in the Criminal Court for Wilson County.

The case has a long history. On December 19, 1975 petitioner was convicted of murder in the first degree and sentenced to death by electrocution. This sentence was commuted to life in the penitentiary. On appeal the prior conviction was reversed in this Court and the case remanded for a new

trial. *Brown v. State,* 553 S.W.2d 94, (Tenn.Cr.App.1977). On February 18, 1978, petitioner was convicted of murder in the second degree and received a sentence of life in the prison. The judgment on this trial was affirmed by this Court on October 23, 1979.

The controversial issue begins here. The post-conviction petition, which for some unknown reason was not filed until July 21, 1981, alleges that after his conviction was affirmed by this Court on October 23, 1979, appointed counsel did not advise him of the judgment of this Court until November 15, 1979. Through subsequent communication by telephone he was advised that counsel would proceed no further. If he wished to effect a further appeal it would be necessary for him to procure other assistance. He says he was not advised by court or counsel that he was entitled to file a pro-se application for permission to appeal to the Supreme Court, nor was he provided with the necessary information or materials to enable him to prepare such an application. Ultimately he obtained assistance from a fellow prisoner and endeavored to file a notice of appeal. This was returned to him by the Clerk of the Supreme Court because the time had expired for filing an application for permission to appeal.

The transcript of evidence at an evidentiary hearing is of little assistance except to confirm that neither defendant nor his appointed trial counsel recollect the exact content of the communications between them or the nature of the advice given to defendant by his counsel.

The law is clear on the subject. At the time of defendant's most recent trial and appeal to this Court T.C.A. § 40–2018, now T.C.A. § 40–14–203, stated unequivocally that appointed counsel was not required to represent a defendant beyond the initial appellate review, and was not required to pursue the matter through a second-tier discretionary appeal, by applying to the Supreme Court for writ of certiorari. To place the stigma of ineffective representation upon defendant's trial counsel would be a harsh measure indeed. The statute as it existed at the time conformed with the United States Supreme Court decision in *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). More recently, in *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), the United States Supreme Court has said that a defendant has no constitutional right to counsel to pursue a discretionary review to the State Supreme Court, and since he had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by retained counsel's failure to file a timely application for that purpose. But, there is more to the statutes, and the case law, than the conclusion that a defendant is not entitled to appointed counsel for the purpose of overturning a determination of guilt made by a judge or a jury at trial. Under T.C.A. § 40–14–203 an appointed attorney is required to counsel with a defendant at all stages of the proceedings before the court which appointed him, also upon any appeal from the judgment of such court which imposes a prison sentence. In order to assure that a defendant is not left ignorant of his procedural rights to pursue a discretionary appeal from a final judgment of this Court, our Supreme Court has superimposed on the statute, among the rules promulgated to govern practice before that tribunal, rules setting out prescribed procedures to accomplish that purpose. Rule 14 of the Rules of the Supreme Court provides for the withdrawal of counsel for indigent defendants after an adverse decision in the Court of Criminal Appeals. This rule specifically provides:

"Rule 14. *Withdrawal of counsel for indigent defendants after adverse decision in court of criminal appeals.*

Permission for leave to withdraw as counsel for an indigent defendant after an adverse final decision in the Court of Criminal Appeals and before preparation and filing of an Application for Permission to Appeal in the Supreme Court must be obtained from the Court of Criminal Appeals by filing a motion with the clerk of that Court not later than seven (7) days after that Court's entry of final judgment.

The motion shall state that written notice has been given defendant advising that (1) counsel does not intend to file an Application for Permission to Appeal and leave of Court is being sought to withdraw; (2) that defendant may file a pro se Application for Permission to Appeal with the clerk of the Supreme Court, if filed within thirty (30) days after entry of final judgment in the Court of Criminal Appeals or within sixty (60) days, if a thirty (30) day extension is obtained within the first thirty (30) day period, and expressly advising the three applicable dates; and (3) that a copy of the opinion of the Court of Criminal Appeals was furnished defendant. The motion must also contain the mailing address of defendant where the notice was sent and a statement of counsel that after a study of the opinion of the Court of Criminal Appeals, the brief filed on behalf of defendant in that Court presents such issues as are available for second-tier appellate review, if sought by defendant pro se.

Upon the filing of a timely motion in accord with the foregoing requirements, the Court of Criminal Appeals, or any judge thereof, may summarily grant the motion. Upon entry of the order granting the motion to withdraw, a copy thereof will be sent to the defendant by the clerk, accompanied by letter notice to defendant of the last day within which to file an Application for Permission to Appeal to the Supreme Court, or request a maximum thirty (30) day extension."

Rule 14 did not become effective until January 28, 1981 when the rules were adopted. However, it spells out what we consider to be the minimum requirements to assure a defendant's right to due process. Defendant is entitled to relief. This Court has authority to remedy the situation. T.R.A.P. Rule 36(a); Tennessee Rule of Criminal Procedure 52(b). The appropriate relief to be afforded in this case is to vacate our previous judgment for the purpose of reestablishing the time to petition for permission to appeal to the Supreme Court. Defendant is presently represented by counsel who may continue to represent him for that purpose, or in the alternative to comply fully with all the requirements of Rule 14 of the Rules of the Supreme Court in the event withdrawal as counsel is requested.

We vacate our judgment of October 23, 1979, affirming defendant's conviction, and re-enter it, effective this date, for the purpose of reinstating the time allowed for permission to appeal from this Court's judgment to the Supreme Court.

DAUGHTREY and TATUM, JJ., concur.