**STATE of Tennessee, Appellee,**

v.

**Steve WEEDEN aka Ronnie Dale Swanigan, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 18, 1987.

Permission to Appeal Denied by Supreme Court May 11, 1987.

Michael B. Neal, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, Kathleen O. Spruill, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant presents a delayed appeal by permission of the trial judge. *See* T.C.A. § 40–30–120; T.R.A.P. 42. The delayed appeal was granted when the trial court found that appellant, through no fault of his own, lost first-tier review. He was found guilty of robbery with a deadly weapon and sentenced to serve 20 years in the State penitentiary.

Although there is no sufficiency of evidence issue raised on appeal, the pertinent facts are these. The appellant and two accomplices robbed a Payless Shoe Store in Memphis on May 20, 1983. The three were observed "casing" the premises before the robbery by two store employees. One of the employees made positive identifications of the robbers including the appellant. A hidden camera recorded much of the events. Appellant now raises multiple issues for consideration by this Court.

Issue I: Whether the trial court
improperly allowed the State to
examine a reluctant witness.

■ The appellant contends that the State erroneously led and attempted to impeach one of its own witnesses, Kenneth Ray Alexander, a co-defendant in this matter. However, this issue has been waived for appellate review for two reasons. First, the issue was not included in the appellant's motion for new trial. *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn.Crim. App.1980), permission to appeal denied 1981; T.R.A.P. 3(e). Secondly, appellant failed to make a contemporaneous objection to the questioning on the basis which he challenges on appeal. *See generally, State v. Sutton*, 562 S.W.2d 820, 825 (Tenn.1978); *Ellis v. State*, 544 S.W.2d 908, 912 (Tenn. Crim.App.1976), *cert. denied* 1976. Therefore the issue is deemed waived.

Issue II: Whether the trial court erred
in excluding the testimony of
appellant's mother.

■ Appellant's first trial ended in a mistrial due to the improper conduct on the part of a juror. At this initial trial, the court disallowed the testimony of the appellant's mother on the ground that she had violated the witness sequestration rule by sitting through the entirety of the State's proof. For the same reason, she was not permitted to testify at retrial. Appellant contends that her testimony should have been permitted at retrial.

The rule on the sequestration of witnesses is designed to detect falsehood as well as to prevent witnesses from coloring their testimony by talking to other witnesses or by hearing other witnesses testify. *Nance v. State*, 210 Tenn. 328, 358 S.W.2d 327 (1962). On appeal, the reversible error will be found only upon a showing that the trial judge abused his discretion in this matter. *Nance v. State, supra* 358 S.W.2d at 330; *State v. Taylor*, 645 S.W.2d 759, 762 (Tenn. Crim.App.1982) permission to appeal denied, 1982.

The record reveals that the testimony of appellant's mother would have gone largely to matters cumulative in many respects and irrelevant in others. We are convinced, therefore, that the appellant has failed to demonstrate to this Court any abuse of discretion on behalf of the trial court. Moreover, any error resulting from the trial court's ruling would be harmless in view of the above, T.R.A.P. 36(b), and the overwhelming weight of evidence against the appellant. The issue is without merit.

Issue III: Whether the trial court erred
in allowing the introduction of
mugshots of the defendant.

■ The appellant contests the introduction of mugshots at trial as irrelevant and prejudicial. Although appellant's argument focuses on irrelevancy, the photographs were not objected to on that basis at trial. Further, the photographs were not challenged as irrelevant in appellant's motion for new trial.

In order to preserve an objection to evidence the issue must be presented to the

trial court in a timely manner. *State v. Pritchett*, 621 S.W.2d 127, 135 (Tenn.1981). Objections must be specific as to the grounds upon which they are based. *Layne v. Speight*, 529 S.W.2d 209, 214–215 (Tenn.1975). Appellant has waived the relevancy theory by failure to present it to the trial judge. T.R.A.P. 3(e).

In any event, the danger in admitting mugshot evidence is that the jury will infer that the photograph came from a prior criminal conviction. It has been held, however, that mugshots standing alone are not likely to cause a jury to infer the existence of prior criminal convictions. *State v. Washington*, 658 S.W.2d 144, 146 (Tenn. Crim.App.1983); permission to appeal denied 1983; *United States v. Calarco*, 424 F.2d 657, 661 (2nd Cir.1970), *cert. denied* 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 53 (1970). It is not error to admit a mugshot of a defendant into evidence where the identifying numbers have been masked over prior to presentation to the jury. *Pennington v. State*, 573 S.W.2d 755, 758 (Tenn.Crim.App.1978).

In the case *sub judice*, two photos are at issue. One was taken incident to appellant's arrest for the subject crime. The trial judge determined that since no irrelevant criminal activity could be inferred from it, the data on the photograph need not be covered. The information on the other photograph was masked in accordance with the trial court's order.

We find no abuse of discretion by the trial court in admitting the mugshots under these circumstances. Furthermore, we find no prejudice to the appellant. The issue, therefore, is without merit.

### Issue IV: Whether the trial court erred in admitting evidence of other crimes, arrests, and investigations.

Appellant contends that the trial court erroneously admitted evidence which implicated him in other crimes, arrests and police investigations. Since the appellant failed to make a contemporaneous objection to this evidence, and also failed to include it in his motion for new trial, this issue is waived. T.R.A.P. 3(e).

### Issue V: Whether the trial court erred in disallowing an amendment to appellant's motion for new trial.

The appellant contends that the trial court erred in refusing to allow him to file a supplement to his motion for a new trial. The jury returned a verdict of guilty on April 19, 1984. Judgment was entered on May 18, 1984. The appellant's motion for new trial was filed, heard and overruled on May 18, 1984. On March 11, 1986, *after* the trial court had granted a delayed appeal, the appellant filed a supplemental motion for new trial.

Pursuant to Rule 33(b) of the Tennessee Rules of Criminal Procedure the court shall upon motion allow amendments liberally until the day of the hearing of the motion for new trial. The fact that the amendment was sought after a delayed appeal was granted does not make the general time limitation of amendments to motions for new trial inapplicable. This issue, therefore, is without merit.

### Issue VI: Whether appellant was denied effective assistance of counsel.

The appellant argues that his trial counsel was ineffective for reasons other than his failure to seek first-tier appellate review of his conviction. The State submits that the trial court was correct in declining to consider additional allegations of ineffectiveness, and that appellate review of those contentions at this point is premature.

It is noteworthy as found by the trial court that the additional grounds for ineffectiveness pertained to issues that were alleged in the motion for new trial and had been overruled. In short, the trial court correctly declined to hear these matters which were issues to be ruled on by the appellate court. In any event, appellant has failed to cite authority in support of this argument.

### Issue VII: Whether the trial was so fundamentally tainted with error as to deny the appellant due process of law.

Appellant effectively argues that the cumulative effect of the errors he alleges

occurred at trial was tantamount to a denial of right to a fair trial. This argument is essentially a reiteration and an amalgam of certain other of appellant's allegations of trial error.

We have responded to these issues *infra* and on the basis of each of these arguments, the allegations reflected in this issue have already been determined to have been waived or are meritless. Therefore, the contention of cumulative error is overruled.

Since each of appellant's issues has been found to be without merit or waived, the judgment of the trial court is affirmed.

WALKER, P.J., and DUNCAN, J., concur.