IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

**August 28, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| LARRY D. CARR, | ) | NO. 02C01-9605-CR-00137 |
| Appellant | ) | SHELBY COUNTY |
| V. | ) | HON. ARTHUR T. BENNET, JUDGE |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| Appellee | ) | |

FOR THE APPELLANT

Harold D. Archibald
33 North Front Street, Suite 790
Memphis, Tennessee 38103

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Deborah A. Tullis
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

John W. Pierotti
District Attorney General
201 Poplar Avenue
Memphis, Tennessee 38103-1947

Jennifer Nichols
Assistant District Attorney General
201 Poplar Avenue
Memphis, Tennessee 38103-1947

OPINION FILED:_____

AFFIRMED IN PART -- DELAYED APPEAL GRANTED

William M. Barker, Judge

Opinion

The Appellant, Larry D. Carr, appeals as of right the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. He argues that his trial attorney provided ineffective assistance of counsel. We have reviewed the record on appeal and find that the Appellant's trial attorney provided effective assistance of counsel through the trial and the appeal to this Court, but failed to advise the Appellant of his right to seek permission to appeal his case to the Tennessee Supreme Court. Accordingly, we vacate this Court's opinion entered on February 16, 1994, and re-enter the opinion so that the Appellant may file an application for permission to appeal to the Tennessee Supreme pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. We affirm the trial court in all other respects.

The Appellant, while on parole for aggravated robbery, was arrested and charged with another instance of aggravated robbery. After a trial on the merits, a jury found the Appellant guilty as charged. The trial court later sentenced him to ten years imprisonment. The Appellant appealed his conviction to this Court and we affirmed. State v. Larry D. Carr, C.A.A. No. 02C01-9204-CR-00075 (Tenn. Crim. App., Jackson, Feb. 16, 1994). On July 8, 1994, the Appellant filed this petition for post-conviction relief. On December 15, 1995, after an evidentiary hearing, the trial court filed a memorandum denying the Appellant's petition.

The Appellant argues that his constitutional right to the effective assistance of counsel was violated. In reviewing an appellant's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competency demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard or reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but

2

for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2053, 2064, 2067-68, 80 L.Ed. 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

The Appellant claims that his attorney insufficiently investigated his case by failing to interview potential witnesses. The evidence in the record clearly shows that the Appellant's attorney sufficiently investigated this case. The Appellant's attorney reviewed the State's file and then sent an investigator to take statements from the State's key witnesses. She also investigated potential defense witnesses suggested by the Appellant, but those witnesses either were unavailable or did not cooperate. Moreover, the Appellant failed to introduce the testimony of any witnesses at the post-conviction hearing. Without such testimony, we are unable to review the Appellant's claim that he was prejudiced. See Wade v. State, 914 S.W.2d 97,102 (Tenn. Crim. App. 1995); Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

The Appellant also claims that his lawyer prejudiced his defense by introducing police lineup photographs of the Appellant to the jury. The Appellant's lawyer did introduce three or four police lineup photographs, but she did that to attempt to prove that the State's key witness had erroneously identified the Appellant as the robber. Tactical decisions, such as this one, are not subject to post-conviction challenges. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Moreover, all information on those pictures that suggested that the Appellant had committed prior crimes was deleted. The Appellant has failed to show prejudice

The Appellant next claims that his trial attorney was inefficient because she failed to file a motion to suppress a police report which allegedly contained conflicting and erroneous information. The Appellant failed to introduce a copy of the police report into the record and, therefore, we are unable to review his claim that he was prejudiced.

Finally, the Appellant argues that his counsel failed to advise him of his right to seek second tier appellate review to the Tennessee Supreme Court and that he

should be granted a delayed appeal. The State concedes that this argument has merit and we agree.

After the Appellant's attorney completed her representation of the Appellant and was permitted to withdraw, she sent him a letter advising him that she was withdrawing and that if he wanted to appeal he had three years to file a petition for post-conviction relief. She did not advise him that he could file a petition asking for permission to appeal his case to the Tennessee Supreme Court.

Rule 14 of the Rules of the Supreme Court of the State of Tennessee requires attorneys withdrawing from further representation of indigent defendants to notify them in writing:

> (1) that counsel does not intend to file an Application for Permission to Appeal and that leave of Court is being sought to withdraw; (2) that the defendant may file a pro se Application for Permission to Appeal with the Clerk of the Supreme Court if filed within sixty (60) days after entry of final judgment in the Court of Criminal Appeals; (3) the date on which the Court of Criminal Appeals opinion was released; and (4) the date on which an Application for Permission to Appeal is due.

Rule 14, Rules of the Supreme Court of the State of Tennessee.

Minimum compliance with this rule is necessary to protect defendants' due process rights. State v. Brown, 653 S.W.2d 765, 767 (Tenn. Crim. App. 1983). When a defendant is denied second tier appellate review by no fault of his own, he is entitled to a delayed appeal. Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984).

The Appellant's trial counsel failed to notify the Appellant of his right to seek second tier review. Therefore, we grant the Appellant the right to seek a delayed appeal from the Tennessee Supreme Court. Accordingly, we vacate our judgment of February 16, 1994, and reinstate it as of the date of the release of this opinion.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID G. HAYES, JUDGE