**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**MAY SESSION, 1997**

**FILED**

September 19, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 01C01-9511-CC-00358 |
| | ) | |
| **Appellee** | ) | |
| | ) | **ROBERTSON COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. ROBERT W. WEDEMYER, Judge** |
| **RONALD PAUL,** | ) | |
| | ) | **(Three counts of rape; one count of** |
| **Appellant** | ) | **agg. sexual battery; two counts of** |
| | | **sexual battery)** |

For the Appellant:

**FRED WARREN LOVE**
Asst. District Public Defender
109 South Second Street
Clarksville, TN  37040


**MICHAEL R. JONES**
District Public Defender

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**MERRILYN FEIRMAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**JOHN WESLEY CARNEY, JR.**
District Attorney General

**DENT MORRISS**
Asst. District Attorney General
507 Public Square
Springfield, TN  37172


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

**OPINION**

The appellant, Ronald Paul, appeals as of right from his convictions of three counts of rape, one count of aggravated sexual battery, and two counts of sexual battery. The trial court imposed an effective sentence of thirty-two years. The appellant's sole issue on appeal is whether the testimony of a nurse practitioner, which identified the appellant as the perpetrator of sex offenses upon the victim, was error.

After a review of the record, we affirm the trial court's judgment.

The appellant's convictions stem from the perpetration of sex offenses upon his step-daughter, DD.[1] The jury found that the appellant raped and sexually abused his step-daughter over a period of approximately four years. The victim was eleven years old when the sexual assaults began. The overwhelming evidence in support of this verdict included incriminating statements from a taped phone conversation between the victim and the appellant.[2] The proof relevant to the issue before us established that the victim was referred for medical examination to a Nashville clinic which specializes in child sexual abuse cases. As part of the examination, the victim's mother provided information to a social worker at the clinic which identified the appellant as the perpetrator of the alleged sex offenses. This medical history was then made available to the nurse practitioner who performed a physical examination

---

[1]It is this court's policy to use the initials of minors involved in sexual abuse in order to protect their identity. See State v. Schimpf, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

[2]After the appellant was arrested on charges of aggravated rape, sexual battery, and incest, he arranged to have the victim and her mother "done away with." He solicited an undercover agent from the Tennessee Bureau of Investigation to murder his wife and step-daughter for a total of one thousand dollars. The agent was supposed to collect the money from the appellant's eighty-one year old mother who was also aware of the plan. The TBI agent recorded the entire phone conversation he had with the appellant concerning the solicitation. However, the evidence indicates that the appellant soon learned he had contracted with an undercover TBI agent to accomplish the murders. Consequently, he withdrew his request. Since the appellant canceled the plan before he had taken a substantial step toward its completion, he was not charged with this crime.

of DD. Based upon these circumstances, the appellant contends that the testimony at trial of the nurse practitioner identifying the appellant as the perpetrator was error.[3]

The State argues that the appellant's claim is procedurally defaulted for two reasons. First, the appellant failed to contemporaneously enter an objection to the testimony on the basis which he now challenges on appeal. Objections must be specific as to the grounds upon which they are based. State v. Weeden, 733 S.W.2d 124, 125-126 (Tenn. Crim. App. 1987); See also Rule 103(a)(1), Tenn. R. Evid. The appellant objected to the nurse practitioner's testimony only because she did not speak directly to the victim's mother.[4] On appeal, the appellant objects to the testimony on the ground that the testimony identified the appellant as the perpetrator. Second, in his motion for a new trial the appellant raised seven issues, none of which include the hearsay issue he now raises on appeal. Tenn. R. App. P. 36(a) specifically directs that relief on appeal need not be granted "to a party responsible for an error or [to a party] who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." See also State v. Caughron, 855 S.W.2d 526, 538 (Tenn. 1993). We agree.[5]

---

[3]The appellant argues that the testimony of the nurse practitioner falls neither within the "business records" exception nor the "medical diagnosis and treatment" exception to the hearsay rule.

[4]The record reflects that when the nurse practitioner, Rosof, began her testimony concerning DD's medical history, counsel for the appellant asked, "Judge, can I find out if she took this history or if someone else did?"

After Ms. Rosof informed the appellant's counsel that DD's mother gave the information to a trained social worker from the clinic, counsel stated, "I guess I have an objection because she [Nurse Rosof] didn't actually talk to the person [DD's mother] who gave the history unless it was a child." Clearly, the appellant's objection was not on the basis that this testimony identified him as the perpetrator of DD's abuse.

[5]Notwithstanding the fact that the appellant has waived the hearsay issue, we find that the evidence is admissible under both the "medical records" exception to hearsay, Tenn. R. Evid. 803(4) and the "business records" exception to the hearsay rule, Tenn. R. Evid. 803(6). See State v. Livingston, 907 S.W.2d 392, 397 (Tenn. 1995); State v. Rucker, 847 S.W.2d 512, 519 (Tenn. Crim. App. 1992); State v. Hunter, C.C.A. No. 01C01-9410-CR-000335 (Tenn. Crim. App. at Nashville, Nov. 25, 1995). Moreover, the record reflects that both the victim and her mother testified at trial about the contents of this report.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
JERRY L. SMITH, Judge