IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2001

## STATE OF TENNESSEE v. ABEBREELLIS ZANDUS BOND

**Direct Appeal from the Circuit Court for Carroll County**
**No. 98CR-1320      C. Creed McGinley, Judge**

———————

**No. W1999-02593-CCA-R3-CD  - Filed February 21, 2001**

———————

Abebreellis Bond was convicted by a Carroll County jury of two counts of sale of cocaine.  Based upon trial counsel's failure to perfect a direct appeal, Bond sought post-conviction relief in the Carroll County Circuit Court asserting ineffective assistance of counsel.  The post-conviction court granted Bond's request for a delayed appeal.  Additionally, the post-conviction court ordered that all remaining ineffective assistance of counsel issues raised in the post-conviction petition be consolidated with the delayed appeal. Bond now perfects his delayed appeal before this court, raising the following issues for our review: (1) whether trial counsel was ineffective; and (2) whether the evidence was sufficient to support the verdict.  After review, we find the post-conviction court's procedural ruling, wherein the court refused to dismiss the remaining ineffective assistance of counsel claims after granting the delayed appeal, conflicts with our previous holding in Gibson v. State, 7 S.W.3d 47 (Tenn. Crim. App. 1998).  Thus, we remand for entry of an order consistent with this opinion.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Billy R. Roe, Jr., Assistant Public Defender; Guy T. Wilkinson, Camden, Tennessee, for the Appellant, Abebreellis Zandus Bond.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, G. Robert Radford, District Attorney General, and Eleanor Cahill, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In May 1997, the Appellant, Abebreellis Zandus Bond, was indicted by a Carroll County Grand Jury on two counts of sale of a controlled substance with alternative counts of delivery of a controlled substance. Following a jury trial on November 6, 1997, the Appellant was convicted of two counts of sale of cocaine. On November 18, 1997, he was ordered to serve an effective sentence of eighteen years in the Tennessee Department of Correction as a Range II offender.[1] A motion for new trial was subsequently filed on December 18, 1997, and later overruled by the trial court. No notice of appeal was filed.

The Appellant then filed a petition for post-conviction relief. The petition alleged various factual grounds for ineffective assistance of counsel, including that trial counsel was ineffective for failing to perfect a direct appeal. On May 10, 1999, an evidentiary hearing was held wherein the post-conviction court granted the Appellant the right to seek a delayed appeal. In so doing, the court denied the Appellant's request to dismiss the remaining ineffective assistance of counsel claims. Instead, the trial court ordered the Appellant to file an amended motion for new trial and incorporate all ineffective assistance of counsel claims asserted in the post-conviction petition in the amended motion. On June 1, 1999, the trial court heard the amended motion for new trial and denied the relief sought.

The Appellant now presents this delayed appeal and argues that the following errors occurred at trial: (1) The evidence was insufficient to support the verdict; (2) trial counsel was ineffective for failing to file a motion for severance; (3) trial counsel was ineffective for failing to exclude a juror when asked by the defendant to do so; (4) trial counsel was ineffective for failing to investigate inconsistent statements made by a witness during a separate trial; (5) trial counsel was ineffective for failing to object to a "tainted" jury panel; and (6) trial counsel was ineffective for failing to convey the plea bargain offered by the State until the day of trial. After review, we find the post-conviction court failed to comply with the guidelines set forth in Gibson v. State, 7 S.W.3d 47 (Tenn. Crim. App. 1998). As such, this case is remanded to the Carroll County Circuit Court for entry of an order consistent with this opinion.

**ANALYSIS**

Finding that the Appellant was denied first-tier review, the post-conviction court granted the Appellant's request for a delayed appeal but declined dismissal of the remaining ineffective assistance of counsel issues also raised in the petition. Instead, the trial court instructed the Appellant to include all issues raised in the post-conviction petition in an amended motion for new trial. After hearing the amended motion for new trial, the trial court denied the Appellant relief.

---

[1]The Appellant was sentenced to 9 years on Count 1 and sentenced to 18 years on Count 2, with both sentences to run concurrently.

The minimum requirements to assure that an Appellant's due process rights are protected on appeal are defined in Rule 14, Tenn. Sup. Ct. R. *See* State v. Brown, 653 S.W.2d 765, 766-67 (Tenn. Crim. App. 1983). In Gibson v. State, a similar case involving a delayed appeal, this court set forth the procedure to be followed by the post-conviction court when granting a delayed appeal where an Appellant, through no fault of his own, has been denied the opportunity to timely perfect an appeal:

> ...the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice. We are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. TENN. CODE ANN. § 40-30-202(c). This statute provides that if a petition has been resolved on its merits, a subsequent petition must be summarily dismissed. TENN. CODE ANN. § § 40-30-202(c); 40-30-206(b). Conversely, we interpret this to mean that those petitions not resolved "on their merits" are not subject to dismissal. Id. This procedure would allow the appellant to pursue his post-conviction relief after review from the supreme court.

*See also* Johnny Bernard Jones v. State, No. W2000-01241-CCA-R3-PC (Tenn. Crim. App. at Jackson, Nov. 9, 2000); Cameron v. State, No. M1998-00005-CCA-R3-CD (Tenn. Crim. App. at Nashville, Aug. 18, 2000). Thus, in the present case, the proper procedure would have been for the post-conviction court to grant the delayed appeal and dismiss the remaining issues without prejudice. As stated above, we are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. TENN. CODE ANN. § 40-30-202(c); Tenn. Sup. Ct. R. § 5(B). By ordering Appellant's counsel to amend the motion for new trial to include all ineffective assistance of trial counsel claims, the post-conviction court, in effect, waived the Appellant's right to later seek review of appellate counsel errors. *See* State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390 (Tenn. Crim. App. at Jackson, July 11, 1997), *perm. to appeal denied* (Tenn. Feb. 23,1998). We emphasize that the practice of raising ineffective assistance of counsel claims on direct appeal is "fraught with peril." *See* Wallace v. State, No. 01C01-9308-CC-00275 (Tenn. Crim. App. at Nashville, Sept. 15, 1994). Accordingly, "ineffective assistance of counsel claims should normally be raised by petition for post-conviction relief." State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390 (Tenn. Crim. App. at Jackson, July 11, 1997), *perm. to appeal denied* (Tenn. Feb. 23, 1998).

Moreover, we note that the post-conviction court was without authority to order the Appellant to amend the motion for new trial. *See* TENN. CODE ANN. § 40-30-213(a)(2); State v. Weeden, 733 S.W.2d 124, 126 (Tenn. Crim. App. 1987)(holding that the post-conviction court properly denied the Appellant's request to supplement his motion for new trial *after* the court granted his request for a delayed appeal). TENN. CODE ANN. § 40-30-213 sets forth the proper procedure to be followed by the post-conviction court when a petitioner has been denied his right to appeal. Specifically, TENN. CODE ANN. § 40-30-213(a)(2) addresses those situations where an original motion for new trial was filed with the trial court and overruled:

(a) **Petitioner unconstitutionally denied appeal - Procedure.** When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States of the Constitution of Tennessee and that there is an adequate record of the original trial proceedings available for such review, the judge can:

   (2) If, in the original proceedings, a motion for new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court.

In the present case, an original motion for new trial was filed and overruled by the trial court. Thus, the post-conviction court only had the authority to grant the delayed appeal and order that a transcript be filed. TENN. CODE ANN. § 40-30-213(a)(2). Because the trial court's order overruling the Appellant's motion for new trial became final thirty days later, the post-conviction court was without jurisdiction to order that the motion be amended in the absence of express statutory authority authorizing the same. Tenn. R. Crim. P. 33.

## CONCLUSION

This case is remanded to the Circuit Court of Carroll County with instructions to facilitate appellate review in conformity with Gibson v. State, 7 S.W.3d 47 (Tenn. Crim. App. 1998).

_____
DAVID G. HAYES, JUDGE