# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs October 2, 2001

## ERIC WRIGHT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-24313     Joseph B. Dailey, Judge**

---

**No. W2001-00386-CCA-R3-PC - Filed December 17, 2001**

---

JOSEPH M. TIPTON, J., dissenting

I respectfully dissent. Based upon the record before us, I believe that the trial court was justified in dismissing the petition without an evidentiary hearing. I do not believe that our supreme court intended in Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001), to provide a hearing for people in the petitioner's situation. In Williams, the record indicated that Williams' attorney's actions may have led Williams to believe that supreme court review was timely sought, thereby potentially misleading him about when the statute of limitations would run.

The petitioner's allegations and attached documents simply reflect that his court-appointed attorney failed to seek supreme court review of this court's decision or to withdraw with notice to the petitioner of his right to seek supreme court review in a timely fashion. Such may have operated to violate the petitioner's due process rights, see State v. Brown, 653 S.W.2d 765, 767 (Tenn. Crim. App. 1983), but it does not, by itself, justify a tolling of the statute of limitations for over seven years. I note that another panel of this court has distinguished Williams as I do under facts similar to those in the present case and has affirmed the dismissal of the post-conviction petition. See Barry N. Waddell v. State, No. M2001-00096-CCA-R3-PC, Davidson County (Tenn. Crim. App. Oct. 17, 2001). Absent any allegation to justify the petitioner's years of inaction, for example, counsel's continued assertion that the case was on appeal, an evidentiary hearing is unwarranted. An evidentiary hearing in the present case is unwarranted.

Moreover, the record reflects that the petitioner was notified, at least, by April 1998 that the attorney did not withdraw and did not seek supreme court review of this court's opinion. However, his post-conviction petition seeking redress was not filed until December 2000. In this respect, regardless of how one looks at the problem, the petitioner has failed to take timely action.

_____
JOSEPH M. TIPTON, JUDGE