IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2004

## FARON DOUGLAS PIERCE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 76292    Ray L. Jenkins, Judge**

---

**No. E2004-00372-CCA-R3-PC - Filed February 28, 2005**

---

The petitioner, Faron Douglas Pierce, appeals the Knox County Criminal Court's dismissal of his petition for post-conviction relief and request for a delayed appeal. On appeal, the petitioner argues that he was denied effective assistance of counsel. Specifically, the petitioner argues that his counsel was ineffective in failing to allow him to testify at his sentencing hearing, and in failing to file a Rule 11 application for permission to appeal to the Tennessee Supreme Court. After review of the record, we grant the petitioner a delayed appeal, and we stay further proceedings on his remaining post-conviction claim.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Remanded for Delayed Appeal**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Faron Douglas Pierce.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I. Factual Background

On November 15, 2000, the petitioner was convicted of robbery, a Class C felony. After a sentencing hearing, the trial court sentenced the petitioner to fifteen years in the Department of Correction as a Range III persistent offender. On direct appeal, this Court affirmed the judgment of the trial court. State v. Faron Douglas Pierce, No. E2001-00437-CCA-R3-CD, 2002 WL 523453 (Tenn. Crim. App., at Knoxville, April 9, 2002). Following direct appeal, the petitioner's appointed counsel withdrew from representation. No Rule 11 application for permission to appeal to the

Tennessee Supreme Court was filed. On January 8, 2003, the petitioner filed a *pro se* petition for post-conviction relief. On February 26, 2003, new counsel was appointed, and the petitioner filed an amended petition for post-conviction relief alleging ineffective assistance of counsel. Specifically, the petitioner alleged that his counsel was ineffective in failing to allow him to testify at his sentencing hearing, and in failing to file a Rule 11 application for permission to appeal to the Tennessee Supreme Court.

Because we conclude that the petitioner is entitled to a delayed appeal, only the facts pertaining to this issue will be recounted. At the post-conviction hearing, the petitioner complained that he received ineffective assistance of counsel because his original counsel failed to file a Rule 11 application for permission to appeal to the Tennessee Supreme Court, but instead sent him a letter "saying he was no longer an attorney, that he was moving to Ohio to go in business, . . . and that [the petitioner] was more or less on [his] own."

On cross-examination, the petitioner admitted that he received a letter from his former counsel indicating the outcome of his direct appeal and that counsel was no longer practicing as an attorney. The petitioner further admitted that he received a copy of this Court's opinion regarding his direct appeal. However, the petitioner asserted that the letter sent by his former counsel did not adequately tell him how to go about filing a second-tier appeal, but if it had, he would have done so before filing his post-conviction petition.

The petitioner's original counsel testified that he had represented the petitioner at trial and on direct appeal but did not file a Rule 11 application for permission to appeal. Counsel also admitted that he did not withdraw from further representation of the petitioner pursuant to Tennessee Supreme Court Rule 14. However, counsel testified that he sent the petitioner a copy of the intermediate court's opinion and a letter informing the petitioner that he would not be filing an application for permission to appeal to the Tennessee Supreme Court because he was working in Ohio and not practicing criminal law in Tennessee. Counsel stated that his letter also advised the petitioner to file a Rule 11 application and request appointment of counsel. Nonetheless, counsel admitted that he could not produce the letter. Counsel finally stated that he did not believe the petitioner had a strong basis for an appeal.

After hearing the evidence, the post-conviction court dismissed the petition. The petitioner filed a timely notice of appeal.

## II. Analysis

The petitioner contends that he received the ineffective assistance of counsel. Specifically, the petitioner argues that his counsel was ineffective in failing to allow him to testify at his sentencing hearing, and in failing to file a Rule 11 application for permission to appeal to the Tennessee Supreme Court.

We begin our review with the determination of whether the petitioner is entitled to seek second tier review with the Tennessee Supreme Court. We have previously recognized that a petitioner who has been denied the opportunity to seek second-tier appellate review because of his attorney's improper withdrawal is entitled to relief in the form of a delayed appeal. See Roger Harris v. State, No. E2001-00782-CCA-R3-PC, 2002 WL 1939927 (Tenn. Crim. App., at Knoxville, Aug. 22, 2002); James R. Hankins v. State, No. W1999-00529-CCA-R3-PC, 2001 WL 285221 (Tenn. Crim. App., at Jackson, March 22, 2001), perm. app. denied (Tenn. Dec. 17, 2001); Pinkston v. State, 668 S.W.2d 676 (Tenn. Crim. App. 1984); State v. Brown, 653 S.W.2d 765 (Tenn. Crim. App. 1983).

In the present case, counsel admittedly failed to properly withdraw from representation pursuant to Supreme Court Rule 14.[1] Instead, counsel testified that he wrote a letter, advising the petitioner that his first tier appeal was unsuccessful and that he would not be filing a Rule 11 application for permission to appeal to the Tennessee Supreme Court. Given counsel's admission that he failed to follow the requirements of Rule 14 during the appellate process, the evidence establishes that the petitioner's opportunity to seek second tier review was unilaterally terminated through no fault of his own. Therefore, the petitioner is entitled to a delayed appeal to the Tennessee Supreme Court. Because we determine that the petitioner is entitled to relief in the form of a delayed appeal to the Tennessee Supreme Court, we do not reach the merits of the petitioner's second claim, but stay the remainder of these post-conviction proceedings pending the disposition of the delayed appeal. Tenn. Sup. Ct. R. 28 § 9(D).

---

[1] Rule 14 states the following:

Permission for leave to withdraw as counsel for an indigent party after an adverse final decision in the Court of Appeals or Court of Criminal Appeals and before preparation and filing of an Application for Permission to Appeal in the Supreme Court must be obtained from the intermediate appellate court by filing a motion with the Appellate Court Clerk not later than fourteen (14) days after the intermediate court's entry of final judgment.

The motion shall state that: (1) based upon counsel's review of the opinion of the intermediate appellate court, the brief filed on behalf of the indigent party in that court presents such issues as are available for second-tier appellate review if sought by the party acting pro se, and (2) the written notification prescribed by this Rule and a copy of the intermediate court's opinion have been forwarded to the indigent party.

The motion shall be accompanied by a copy of the written notification forwarded to the indigent party. The written notification shall state: (1) that counsel does not intend to file an Application for Permission to Appeal and that counsel is asking the intermediate court for permission to withdraw; (2) that the party may file a pro se Application for Permission to Appeal with the Clerk of the Supreme Court if filed within sixty (60) days after entry of final judgment in the intermediate appellate court; (3) the date on which the intermediate court's opinion was released; and (4) the date on which an Application for Permission to Appeal is due. The written notification must also reflect the party's mailing address to which the notice was forwarded.

Upon the filing of a timely motion in accord with the foregoing requirements, the intermediate appellate court, or any judge thereof, may summarily grant the motion. Upon entry of the order granting the motion to withdraw, a copy thereof will be sent to the indigent party by the Clerk, accompanied by letter notice to the indigent party of the last day within which to file an Application for Permission to Appeal . . . .

### III. Conclusion

We conclude that the petitioner was unilaterally deprived of his right to seek second-tier review pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. Accordingly, we grant the petitioner a delayed appeal to seek review by the Tennessee Supreme Court. Pursuant to Tennessee Supreme Court Rule 28, § 9(D), the petitioner's remaining post-conviction issue is stayed pending the final disposition of the delayed appeal.

_____
J.C. McLIN, JUDGE