IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 16, 2005

## RANDOLPH JENNINGS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 247485     Douglas A. Meyer, Judge**

---

**No. E2004-02646-CCA-R3-PC - Filed November 14, 2005**

---

The petitioner, Randolph Jennings, appeals from the Hamilton County Criminal Court's denial of his petition for post-conviction relief from his conviction for aggravated robbery, a Class B felony, and sentence of seventeen years as a Range II, multiple offender.  On appeal, he contends that he received the ineffective assistance of counsel because (1) his trial counsel failed to raise the issue that the state suppressed favorable evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194  (1963); (2) his trial counsel failed to explain his constitutional right to testify pursuant to Momon v. State, 18 S.W.3d 152 (Tenn. 1999); and (3) his appellate counsel failed to advise him of his right to appeal to the Tennessee Supreme Court in a timely manner.  We reverse the judgment of the trial court, grant a delayed appeal, and stay further proceedings pending the delayed appeal to the Tennessee Supreme Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**, **Delayed Appeal Granted**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Brandon Douglas Raulston, Chattanooga, Tennessee, for the appellant, Randolph Jennings.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; William H. Cox, III, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

        The evidence at the convicting trial reflected that on April 9, 1999, the petitioner approached the victim as she was getting out of her car outside her place of employment in downtown Chattanooga.  The petitioner pointed a gun at the victim and demanded she give him money.  The victim was only able to produce three dollars, which the petitioner took along with an engraved watch.  Shortly thereafter, a police officer encountered the petitioner and chased him into a chicken

plant, where the petitioner was seen throwing a gun into a chicken vat. Officers apprehended the petitioner and searched him, finding the victim's watch and three dollars. The victim later identified the petitioner as the robber.

At the trial, the petitioner did not present evidence, but he did attempt to discredit the state's identification evidence. The petitioner asserted that the description given by the victim of what the perpetrator was wearing varied from the description given by the police officers. The parties stipulated that the clothing worn by the petitioner at the time of his arrest could not be located. The jury rejected the petitioner's challenge to discredit the identification proof and convicted him of aggravated robbery. The petitioner appealed, and this court affirmed his conviction. See State v. Randolph Scott Jennings, E2001-02118-CCA-R3-CD, Hamilton County (Tenn. Crim. App. Dec. 6, 2002). On November 27, 2003, the petitioner filed a petition for post-conviction relief alleging that he received the ineffective assistance of counsel.

At the post-conviction hearing, the petitioner testified that he was represented by the district public defender at the trial. He said he met with his attorney four or five times and met with an investigator one time before trial. He said he requested that his trial attorney investigate what happened to the clothes he was wearing at the time of his arrest because he felt the clothes were significant to his defense. The petitioner testified that he understood his right to testify but that he was confused. He said that although his trial attorney thought "at the last minute" he should testify, she "didn't talk about what, what should I speak on and what should I not speak on."

On cross-examination, the petitioner acknowledged that his trial attorney raised the issue of his lost clothing in pretrial motions and that the judge ruled on how the attorney could use the information at the trial. The petitioner acknowledged his trial attorney argued at the trial that the jury should not believe the petitioner was involved in the robbery because the clothes were not in the possession of the jail at the time of the trial. The petitioner said he did not believe his trial attorney had his best interest in mind. He said he thought she relied on the strategies of his previous attorney instead of devising new strategies.

The petitioner acknowledged that he had two prior convictions which could have been used against him had he testified and that those convictions were part of the reason for his not testifying. He further acknowledged that the trial court asked him if he wanted to testify and that he responded he had decided not to testify after consulting with his attorney. The petitioner acknowledged his decision not to testify was made knowingly and based on the risk of his prior convictions being used against him.

The petitioner's trial attorney testified at the post-conviction hearing that she was the district public defender for Hamilton County and that she had held that position since 1989. The attorney testified that she had been practicing law since 1983 and that most of her private practice involved criminal defense. She said she took over the petitioner's case on September 26, 2000. She said another attorney in her office had represented the petitioner through the close of the state's proof at the petitioner's first trial which ended in a mistrial.

The trial attorney testified the facts of the case did not change from the first trial to the second, and therefore, no major additional investigation occurred. She testified she had the advantage of knowing the state's proof by having the transcript from the first trial. She said she filed motions on behalf of the petitioner, including a motion to dismiss or compel discovery regarding the clothing the petitioner was wearing at the time of his arrest. She testified that there was a hearing on the motion and that the judge ruled there was no intentional hiding of the clothing. She said the trial court allowed her to argue about the different descriptions given by the different witnesses at trial.

On cross-examination, the trial attorney testified she prepared and investigated the case by reviewing the transcript from the first trial, meeting with the investigator, going over the case with the previous attorney, and discussing with her what the strategy had been. She testified that she discussed with the petitioner that his prior felonies and his parole status at the time of the offense would be used to impeach his credibility if he testified. She said the decision to testify was solely the petitioner's and "I do not discourage or encourage people; I just basically tell them, [i]f you do choose to testify, this is what can be brought in and how it can apply to you." She said she did not know if the petitioner was going to testify until the day of trial. She said the trial judge asked if the petitioner would testify and she responded he would not. She said the trial judge then asked the petitioner the same question and the petitioner responded that he would not testify and that it was his decision not to testify.

The trial attorney also testified about the appellate counsel's attempt to file a Rule 11 application for permission to appeal. She said that she worked in the same public defender's office as the appellate attorney and that after this court's opinion on direct appeal, the appellate attorney attempted to contact the petitioner. However, she did not receive the petitioner's response until "after his appellate time had run." She said the appellate attorney had documentation in the file stating that the appellate attorney had advised the petitioner that he had "good standing" for a delayed appeal. She said "because I think either he was -- somehow the mail from our office did not get to him, and when it did get to him, he responded to us past the time of the . . . deadline for permission to appeal."

Based upon this testimony and the arguments of counsel, the trial court found the trial attorney's performance was not constitutionally deficient. It found the petitioner's claims about the clothing were "distinguishable from previously determined claims only in that the petitioner now alleges that the state's loss of exculpatory evidence was intentional." It found the petitioner waived this issue for failing to present the issue of the state's intent previously. The court also found that no evidence existed to show that the clothing had been intentionally lost.

With regard to the petitioner's claim that trial counsel failed to explain to him adequately his constitutional right to testify pursuant to Momon, the trial court found that "the petitioner's waiver of the right to testify was counseled and voluntary and that any deficiency in counsel's performance in this respect was therefore not prejudicial." The trial court found that the petitioner's appellate attorney notified the petitioner of this court's decision on his appeal but that the petitioner failed to

-3-

respond in time to file an application for permission to appeal. The trial court also found that the petitioner offered no evidence to support this allegation.

The petitioner contends the trial court erred in denying his petition for post-conviction relief. He claims he received the ineffective assistance of counsel because his trial attorney failed to raise the issue of the state withholding Brady material and failed to inform him adequately about his right to testify. Additionally, the petitioner claims he received the ineffective assistance of counsel because his appellate attorney failed to inform him of his right to file a Rule 11 application for permission to appeal to the Tennessee Supreme Court. The state contends the petitioner did not receive the ineffective assistance of counsel. It asserts that the trial attorney's efforts to recover the petitioner's clothing constituted the effective assistance of counsel and that the failure of trial counsel to follow Momon did not result in prejudice. The state asserts the appellate attorney provided effective assistance by advising the defendant of his right to file a Rule 11 application.

We must first address the issue of whether the petitioner is entitled to seek second tier review with the Tennessee Supreme Court pursuant to Tennessee Supreme Court Rule 28 §9(D)(2)(b)(i). This court has previously recognized that a petitioner who was denied the opportunity to seek second tier appellate review because of his or her attorney's improper withdrawal is entitled to a delayed appeal. See State v. Evans, 108 S.W.3d 231 (Tenn. 2003); Pinkston v. State, 668 S.W.2d 676 (Tenn. Crim. App. 1984); State v. Brown, 653 S.W.2d 765 (Tenn. Crim. App. 1983). If an attorney representing an indigent defendant chooses not to pursue second tier review, the attorney must withdraw as counsel and notify the defendant of the withdrawal and ability to proceed pro se. See Tenn. Sup. Ct. R. 14. Rule 14 provides:

> Permission for leave to withdraw as counsel for an indigent party after an adverse final decision in the . . . Court of Criminal Appeals and before preparation and filing of an Application for Permission to Appeal in the Supreme Court must be obtained from the intermediate appellate court by filing a motion with the Appellate Court Clerk not later than fourteen (14) days after the intermediate court's entry of final judgment.
>
> . . . .
>
> Upon the filing of a timely motion in accord with the foregoing requirements, the intermediate appellate court, or any judge thereof, may summarily grant the motion. Upon entry of the order granting the motion to withdraw, a copy thereof will be sent to the indigent party by the Clerk, accompanied by letter notice to the indigent party of the last day within which to file an Application for Permission to Appeal.

Id.

The record reflects that the appellate attorney documented in the file that letters were sent to the petitioner notifying him about his right to appeal and his "good standing" for a delayed appeal. The trial attorney acknowledged on cross-examination that the petitioner may not have received the letters sent to him by the appellate attorney. Additionally, the appellate record from the petitioner's direct appeal is devoid of any motions to withdraw filed by the appellate attorney or any orders allowing withdrawal. We conclude that the appellate attorney failed to follow the requirements of Rule 14 and that the petitioner's opportunity to seek second tier review was terminated through no fault of his own. We grant the petitioner a delayed appeal to the Tennessee Supreme Court from this court's decision of December 6, 2002, that affirmed the petitioner's conviction. We do not address the other claims raised by the petitioner but stay the remainder of these post-conviction proceedings pending the outcome of the delayed appeal. See Tenn. Sup. Ct. R. 28 § 9(D)(2)(b)(i).

## CONCLUSION

Based on the foregoing and the record as a whole, we reverse the judgment of the trial court, grant the petitioner a delayed appeal, and stay further proceedings pending the delayed appeal to the Tennessee Supreme Court.

_____
JOSEPH M. TIPTON, JUDGE