**William Spencer PINKSTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 12, 1984.

Permission to Appeal Denied by Supreme Court March 19, 1984.

Eugene A. Laurenzi, Memphis, for appellant.

Ann Lacy Johns, Asst. Atty. Gen., Nashville, James J. Challen, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

DAUGHTREY, Judge.

In this case we are asked to determine whether delayed second-tier appeal is available, and, if so, what the proper procedure for securing it is.

The petitioner, William Spencer Pinkston, is an inmate of the state penitentiary, where he is serving a life sentence as an habitual criminal following his conviction for armed robbery. We have before us Pinkston's post-conviction petition, in which he alleges that he wrongfully was denied the possibility of review by the Tennessee Supreme Court on direct appeal of his con-

viction because his appointed attorney filed application for review in an untimely fashion.

At the post-conviction hearing below, Pinkston testified that he spoke to his attorney after the opinion from this Court was released on September 30, 1982, 644 S.W.2d 422 (Tenn.Cr.App.1982), and was assured by counsel that the appeal would be pursued. The Rule 11 application for review later was dismissed by the Supreme Court, however, because it had been filed too late.

The attorney who had represented Pinkston on appeal did not appear to testify at the post-conviction hearing because he was ill. Thus, the proof is unrefuted in the record that the petitioner was denied the opportunity for review by the high court through no fault of his own.

The court below denied relief on the ground that a criminal defendant has no constitutional right to second tier review of his conviction and that Pinkston therefore suffered no constitutional deprivation. The court further suggested that if any grounds for relief did exist, the proper procedure would be for the petitioner to file a request for delayed appeal in this Court.

■ On the first point, we think it is now clear that regardless of the position taken by the United States Supreme Court on this issue, *see, e.g., Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curiam) (criminal defendant not deprived of effective assistance of counsel by retained counsel's failure to file timely an application for certiorari, since defendant had no absolute right to second tier review and thus no constitutional right to have counsel pursue such an appeal), the Tennessee Supreme Court has decided to follow a different path as a matter of state law. Prior to *Wainwright v. Torna, supra,* we had repeatedly held that a defendant could not be deprived of second tier review through no fault of his own. *See, e.g., Moultrie v. State,* 542 S.W.2d 835 (Tenn.Cr.App.1976). This Court later attempted to reverse its prior position and

follow *Wainwright v. Torna,* but that effort was rebuffed by our Supreme Court. *Clois Norris Simmons v. State of Tennessee,* Court of Criminal Appeals at Jackson, May 20, 1982; application for review granted and case remanded to allow delayed discretionary appeal to the Supreme Court, September 13, 1982. We may thus reasonably infer that *Moultrie* and the cases which follow it still represent good law in Tennessee. Given this course of case development, as well as the recently adopted provision in Rule 14 of the Tennessee Supreme Court Rules requiring consent of this Court before counsel for an indigent defendant can withdraw following first-tier review, we reiterate our holding that unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal.

There remains the question of orderly procedure. On this point, we disagree fundamentally with the trial court's implication that a petition for a delayed appeal should be filed directly in this Court. If a petitioner seeking post-conviction relief of this nature bypasses the trial court, there is no mechanism for securing an evidentiary hearing in which to contest the allegation that the petitioner has been unilaterally deprived of his right to appeal. To establish an adequate predicatory record, we must rely on findings of fact by the trial court, which is obviously better equipped than we to hear witnesses and resolve any conflicts in their testimony.

Thus, the appropriate procedure in a post-conviction case of this sort is for the trial court to hold a hearing and make relevant findings of fact concerning the petitioner's allegations of deprivation of second-tier review. Obviously, the trial court has no authority to grant relief directly, because only this Court can vacate and reinstate its own judgments. But once the trial court has found a factual basis for relief but has denied relief for lack of jurisdiction, the petitioner will be able to appeal that judgment to the Court of Criminal Appeals. Our grant of relief under such

circumstances in no way suggests a true reversal of the trial court's judgment, but is simply an application of appropriate authority and jurisdiction.

■ In the instant case, it is our judgment that the record demonstrates a factual basis for post-conviction relief to allow petitioner to seek review by the Supreme Court on a delayed basis. We therefore vacate our judgment of September 20, 1982, and reinstate it as of the date of release of this opinion.

O'BRIEN and CORNELIUS, JJ., concur.