IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION



FILED

STATE OF TENNESSEE,   \*   C.C.A. # 02C01-9612-CR-00475

     Appellee,   \*   SHELBY COUNTY

**February 10, 1998**

VS.   \*   Hon. Joseph B. McCartie, Judge
               Hon. John P. Colton, Judge

MARK W. RAWLINGS,   \*   (Post-Conviction)

**Cecil Crowson, Jr.**

     Appellant.   \*   (Especially Aggravated Robbery)

**Appellate Court Clerk**

For Appellant:

Lila Kathleen Mitchell
Assistant Public Defender
Shelby County Public
     Defender's Office
201 Poplar Avenue, Second Floor
Memphis, TN  38103
(at trial)

Paula L. Skahan, Attorney
140 North Third Street
Memphis, TN  38103
(on appeal)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

Phillip Gerald Harris
Assistant District Attorney General
Shelby County District Attorney
     General's Office
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Mark W. Rawlings, entered pleas of guilt to three counts of especially aggravated robbery on June 16, 1992. Tenn. Code Ann. § 39-13-403. The trial court imposed Range I sentences of eighteen years on each count and ordered the terms to be served consecutively for an effective sentence of fifty-four years. The defendant attempted to appeal to this court pro se but mailed the notice to the wrong address. Thereafter, he filed a petition for post-conviction relief alleging ineffective assistance of counsel and an involuntary guilty plea. The trial court denied relief but, on direct appeal, this court granted a delayed appeal as to the sentence:

> The petitioner has failed to carry his burden of proving that the evidence preponderates against the lower court's findings that he pled guilty freely and voluntarily and that he received effective assistance of counsel in entering his plea. Therefore, we affirm the lower court's judgment denying post-conviction relief with respect to the defendant's conviction. However, because the defendant was denied effective assistance of counsel on appeal, we grant the defendant a delayed appeal with respect to his sentence only.

<u>Mark W. Rawlings v. State</u>, No. 02C01-9504-CR-00112, slip op. at 7-8 (Tenn. Crim. App., at Jackson, Apr. 17, 1996).

The grant of the delayed appeal on the sentence was based upon the affirmative duty on the part of defense counsel to provide advice on the right to appeal a sentence. The failure to do so qualifies as a deficiency in performance. A finding of prejudice is not required for the grant of a delayed appeal. <u>Pinkston v. State</u>, 668 S.W.2d 676 (Tenn. Crim. App. 1984); <u>State v. Lester D. Herron</u>, No. 03C01-9109-CR-00284, slip op. at 10 (Tenn. Crim. App., at Knoxville, Mar. 10, 1992).

2

In this appeal of the trial court's fifty-four-year sentence, the defendant complains that the sentences are excessive, that the trial court failed to take into account his medical condition, and that the sentences should not have been ordered to be served consecutively. We reject each of those arguments and affirm the judgment of the trial court.

The prior opinion of this court summarized the facts which led to the convictions:

> On July 5, 1991, Rawlings approached an uncle ("Mr. Green") for a loan of money. At the time, another man and woman [Tom W. Barlow and Annie L. Williams] were visiting Mr. Green at his residence, both of whom also knew the petitioner [Rawlings]. Mr. Green refused to make the loan. The petitioner then asked to borrow a claw hammer. He subsequently beat Mr. Green and both of Mr. Green's visitors in the head with the hammer. He broke the woman's hands with the hammer as she attempted to ward off the blows to her head. After beating the victims, the petitioner robbed them. All of the victims were seriously injured. The woman was forty years old at the time of the offense and the two men were in their sixties; the petitioner was thirty-four. All of the victims identified Rawlings as the attacker.

Rawlings, slip op. at 2-3 (footnote omitted).

The prior opinion of this court makes reference to the fact that the state sought the maximum sentence possible and refused to offer a plea agreement. Id. at 4. The defendant, who had a prior conviction for the voluntary manslaughter of his first wife, entered a guilty plea when defense counsel was able to persuade the state, for the upcoming sentencing hearing, to withhold a number of graphic photographs of the victims at the crime scene and to refrain from using as a witness the father of the woman the defendant had killed several years earlier. At the sentencing hearing, the state sought three, consecutive twenty-five-year sentences but withheld certain of the evidence as agreed. Id. at 6. While lengthy,

3

the sentence imposed by the trial court was twenty-one years less than the maximum possible.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for Class B, C, D, or E felony convictions at the time of these offenses, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment

4

of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not be routinely imposed
> ... and ... the aggregate maximum of consecutive terms
> must be reasonably related to the severity of the
> offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

5

sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)  The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)  The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)  The defendant is sentenced for an offense committed while on probation; or

(7)  The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

In Gray, our supreme court had ruled that before consecutive sentencing could be imposed upon the dangerous offender, as now defined by subsection (b)(4) in the statute, other conditions must be present:  (a) that the crimes involved aggravating circumstances; (b) that consecutive sentences are a necessary means to protect the public from the defendant; and (c) that the term reasonably relates to the severity of the offenses.

More recently, in State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995), our high court reaffirmed those principles and ruled that consecutive sentences cannot be required for any of the classifications "unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." Id. at 938.  The Wilkerson decision, which modified guidelines adopted in State v. Woods, 814

6

S.W.2d 378, 380 (Tenn. Crim. App. 1991), governing the sentencing of dangerous offenders, described sentencing as "a human process that neither can nor should be reduced to a set of fixed and mechanical rules." Wilkerson, 905 S.W.2d at 938 (footnote omitted).

At the sentencing hearing on July 31, 1992, the trial judge found the following enhancement factors applicable:

> (1)  The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
>
> (2)  The offense involved more than one victim;
>
> (3)  A victim of the offense was particularly vulnerable because of age or physical or mental disability;
>
> (4)  The defendant treated or allowed the victim to be treated with exceptional cruelty during the commission of the offense;
>
> (5)  The personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great;
>
> (6)  The defendant possessed or employed a firearm ... during the commission of the offense;
>
> (7)  The defendant had no hesitation about committing a crime when the risk to human life was high;
>
> (8)  The felony resulted in death or bodily injury or involved the threat of death or bodily injury to another person and the defendant has previously been convicted of a felony that resulted in death or bodily injury;
>
> (9)  During the commission of a felony, the defendant willfully inflicted bodily injury upon another person, or the actions of the defendant resulted in the death of or serious bodily injury to a victim or a person other than the intended victim; and
>
> (10)  The crime was committed under circumstances under which the potential for bodily injury to a victim was great.

Tenn. Code Ann. § 40-35-114(1), (3), (4), (5), (6), (9), (10), (11), (12), and (16).

7

While the trial court rejected Tenn. Code Ann. § 40-35-114(15), that the defendant abused a position of public or private trust, it ruled as an aside that because one of the victims was his uncle, there was a violation of a private trust. The trial judge found no mitigating factors and refused to make a finding on Tenn. Code Ann. § 40-35-113(7), that the defendant was motivated by a desire to provide necessities for his family or himself. Finally, as his basis for ordering the consecutive sentences, the trial court found that the defendant was a dangerous offender whose behavior indicated little or no regard for human life and had "no hesitation about committing a crime when the risk to human life was high." Tenn. Code Ann. § 40-35-115(4).

Initially, the defendant challenges the application of enhancement factors (3), (5), (6), (9), (12), and (16). He does not challenge the applicability of factors (1), (4), (10), and (11). The state acknowledges that the application of enhancement factors (3) and (12) were erroneous because the defendant was separately punished for crimes against each of the victims. State v. Lambert, 741 S.W.2d 127 (Tenn. Crim. App. 1987); State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995). The state also concedes that the trial judge committed error by applying enhancement (12) because "serious bodily injury" qualifies as an element of the offense of especially aggravated robbery. State v. Gregory Maurice Brooks, No. 02C01-9411-CV-00261 (Tenn. Crim. App., at Jackson, July 19, 1995); see Tenn. Code Ann. § 39-13-403(a). Finally, the state acknowledges the erroneous application of factors (6), (9), and (16) because the factors had been included in the definition of the elements of especially aggravated robbery. State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995). Thus, the only disputed question is whether factor (5), that the defendant treated or allowed the victims to be treated with exceptional cruelty, was properly applied in each of the three

8

sentences. A secondary issue is whether enhancement factor (15), relative to the position of private trust, applies because the victim Green was the defendant's uncle.

In State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997), our supreme court ruled "'exceptional cruelty' is not an element of especially aggravated robbery." If the facts of the case demonstrate "'a culpability distinct from and appreciably greater than that incident to'" the crime, it may be applied. Id. (citations omitted). The defendant's beating the victims about the head with a claw hammer establishes exceptional cruelty. In our view, this factor was properly applied. Moreover, the victim Green's kinship to the defendant and his willingness to loan his claw hammer was evidence of a private trust. Thus, the factor might appropriately be considered as to that single sentence. See State v. Adams, 864 S.W.2d 31 (Tenn. 1993).

The defendant has claimed that his history of drug and alcohol abuse, his attempts at treatment, and a diabetic condition warranted application of Tenn. Code Ann. § 40-35-113(8):

> The defendant was suffering from a mental or physical condition that significantly reduced the defendant's culpability for the offense; however, the voluntary use of intoxicants does not fall within the purview of this factor.

While the defendant's voluntary use of illegal drugs or alcohol does not qualify as a mitigating factor, a diabetic can be considered. In our view, however, there is insufficient evidence in this record to suggest that the condition "significantly reduced the defendant's culpability for the offense." Tenn. Code Ann. § 40-35-113(8). That is, no causal link has been established between the ailment and the offense.

9

Obviously, the trial court cited several enhancement factors which should not have been applied. The presumption of correctness is conditioned upon the consideration of all of the appropriate factors in the imposition of a sentence. Yet at least four enhancements remain as to each offense. Because there are no mitigating factors, a low to mid-range sentence on each count would be appropriate. Here, the defendant attacked two elderly men and a woman with a claw hammer. All three individuals were seriously injured and required significant medical care. There were major medical expenses involved. The defendant had a prior criminal history which included taking the life of his first wife. In sentencing, the primary purpose is to impose "a sentence justly deserved in relation to the seriousness of the offense." Here, a low to mid-range sentence of eighteen years on each count, when the range is from fifteen to twenty-five years, is fully warranted.

Finally, because the defendant qualifies as a dangerous offender, consecutive sentences are permissible. Tenn. Code Ann. § 40-35-115(b)(4). This court cannot disagree with the state's assertion that the defendant's behavior demonstrated a contemptible lack of concern for human life and an absence of basic human decency. There were multiple blows to each of the victims causing life-threatening injuries. The victim Green requires the use of a walker to assist his ambulation. The victim Williams has not fully recovered despite three operative procedures. The victim Barlow requires weekly medical care due to abnormal blood pressure. In our view, the crimes involved aggravating circumstances. The aggregate term imposed, while significant in length, reasonably reflects the necessity of protecting the public from the defendant.

Accordingly, the judgment is affirmed.

10

_____
Gary R. Wade, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
Joe G. Riley, Judge