IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 14, 2000

## JAMES R. HANKINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-19859     Hon. W. Fred Axley, Judge**

--------

**No. W1999-00529-CCA-R3-PC - Filed March 22, 2001**

--------

James R. Hankins appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief.  All of his allegations are without merit, save one.  Hankins has established by clear and convincing evidence that his counsel on direct appeal failed to follow the required procedures for withdrawal of counsel under Supreme Court Rule 14.  Accordingly, we affirm in part, reverse in part, and vacate and reinstate our judgment in Hankins' direct appeal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed in Part, Reversed in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P. J., and THOMAS T. WOODALL, J., joined.

Jeffery S. Glatstein, Memphis, Tennessee, for the appellant, James R. Hankins.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; William D. Bond, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        James R. Hankins is presently incarcerated in the Department of Correction serving a sentence of life plus 30 years for convictions of felony murder and especially aggravated robbery consecutively to a sentence in a previous case for which he was on parole at the time of the instant offenses.  Claiming that he was hampered by the ineffective assistance of counsel at trial and on appeal, Hankins filed a petition for post-conviction relief in the Shelby County Criminal Court.  Following two hearings at which Hankins and his two former attorneys testified, the trial court found that Hankins failed to carry his burden of proof and dismissed the petition.  Upon review of the record, the briefs of the parties, and the applicable law, we hold that the evidence preponderates against the trial court's determination that Hankins is not entitled to apply for second-tier review of his conviction despite counsel's admitted failure to follow the dictates of Tennessee Rule of the Supreme Court 14.  In all other respects, we agree with the trial court that Hankins failed to carry his

burden of proving his claims. Accordingly, we affirm in part and reverse in part. Moreover, we vacate our judgment in State v. James R. Hankins, No. 02C01-9603-CR-00098 (Tenn. Crim. App., Jackson, May 23, 1997), and reinstate it on the date of the filing of this opinion so that Hankins may seek permission to appeal.

Hankins' complaints about his trial attorneys' performance are all raised as claims of ineffective assistance of counsel. The Sixth Amendment of the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court defined the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the appellant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Id. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the defendant of a fair trial, calling into question the reliability of the outcome. Id.104 S. Ct. at 2064.

The petitioner's burden of proof in all post-conviction cases filed after May 10, 1995 is by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Strickland, 466 U.S. at 690, 695, 104 S. Ct. at 2066, 2069. The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Id. at 695, 104 S. Ct. at 2069. A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

Hankins' allegations are that counsel failed to properly investigate and prepare for trial by locating and subpoenaing for trial several witnesses, did not raise any issue regarding identification proof on appeal, did not challenge the sufficiency of the indictment on appeal, and failed to advise him of his right to seek second-tier appellate review of his conviction.

With respect to the claim of deficient investigation and preparation in failing to locate and subpoena several witnesses, the testimony of the petitioner contrasted sharply with that of his attorneys about the actions taken by counsel with respect to these witnesses and the benefit which

would have been gained from their testimony at trial. On these points, the trial court accredited the testimony of the attorneys over that of Hankins. Given the deference we must afford factual findings of the lower court, we conclude that the evidence does not preponderate against its determination. Thus, Hankins has failed to carry his burden of proof on this issue.

The attorney who represented Hankins on appeal testified that after reviewing the transcript of trial, he did not raise an identification issue on appeal because in his professional judgment such issue was without merit. Thus, counsel made a tactical decision regarding which appellate issues to pursue. It is not our function as an appellate court to second-guess tactical decisions made by counsel where those decisions were informed and based upon adequate preparation. See Hellard v. State, 629 S.W.2d 4, 6 (Tenn. 1982). Hankins failed to demonstrate in the trial court that counsel's decision was uninformed and based upon inadequate preparation, and on appeal, he has failed to demonstrate that the evidence preponderates against such a conclusion.

In his petition, Hankins alleged that the felony murder indictment was insufficient because it failed to allege the *mens rea* of recklessness. At the hearing, however, he testified that his challenge to the indictment was that it failed to allege the type of weapon used to kill the victim. The indictment does not appear in the appellate record that is before this court. Thus, there is no evidence which preponderates against the trial court's determination that the indictment was sufficient. Moreover, even if we accept the recitation of the indictment that appears in the trial court's order denying relief, we see no insufficiency. The indictment as recited by the trial court contains an allegation that Hankins' commission of felony murder was committed recklessly. Furthermore, Hankins has cited no authority to us which stands for the proposition that an indictment for felony murder must allege the type of weapon employed, and we are aware of no such precedent.

Finally, Hankins claimed that one of his trial attorneys said he would pursue appellate relief, but after the conviction, Hankins never heard from counsel again even though Hankins made inquiries about the status of his case. Hankins claimed he did not learn of the disposition of his direct appeal in this court until another inmate informed him some five months after our opinion was released. Thus, the time for seeking second-tier appellate review had already passed, and Hankins' counsel had never informed him of counsel's intent not to pursue review by the state supreme court. Appellate counsel testified that his practice was to write to clients whose first-tier appeals were unsuccessful to advise them of the outcome and counsel's intent to withdraw, and to enclose a copy of the opinion. He did not dispute, however, that the postal service or prison authorities may not have delivered this communication to Hankins. Moreover, counsel conceded that he had not followed the dictates of Tennessee Rule of the Supreme Court 14, which sets forth the procedure for counsel wishing to withdraw following representation of a litigant in a first-tier appeal of a criminal case. The trial court found and the state argues on appeal that Hankins failed to demonstrate prejudice from counsel's admitted shortcoming, and therefore, he is not entitled to relief in the form of a delayed appeal.

The law in Tennessee is quite clear. A petitioner whose opportunity to seek second-tier appellate review is unilaterally terminated is entitled to relief in the form of a delayed appeal.

Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984); see, e.g., Billy Joe Greenwood v. David Newberry, No. 01C01-9803-CR-00134, slip op. at 8 (Tenn. Crim. App., Nashville, March 3, 1999) (court did not analyze prejudice to post-conviction petitioner in allegation of ineffective assistance as a result of failure to seek second-tier review although counsel claimed there were no viable issues for further appeal), perm. app. denied (Tenn. 1999); Roland H. Matlock v. State, No. 01C01-9703-CR-00091, slip op. at 8 (Tenn. Crim. App., Nashville, May 27, 1998) (while counsel is not required to file a frivolous Rule 11 application for review with the supreme court, he is required to follow the mandate of Rule 14 to preserve his client's ability to proceed *pro se*), perm. app. denied (Tenn. 1998).

Given appellate counsel's admission that he failed to follow the requirements of Rule 14 in the direct appeal, Hankins is entitled to have the judgment of this court in his direct appeal vacated and reinstated so that he may seek second-tier review with the supreme court. Accordingly, we vacate our judgment in State v. James R. Hankins, No. 02C01-9603-CR-00098 (Tenn. Crim. App., Jackson, May 23, 1997), and reinstate it on the date of the filing of this opinion so that Hankins may seek permission to appeal. Hankins' counsel in the case sub judice is appointed to represent Hankins in State v. James R. Hankins, CCA No. 02C01-9603-CR-00098.

The judgment of the trial court is affirmed as to all issues other than that of the delayed appeal. As to the delayed appeal, the trial court's judgment is reversed.

_____
James Curwood Witt, Jr., Judge