# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 19, 2003 Session

## STEVE EDWARD LEACH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Smith County**
**No. 95-74     James O. Bond, Judge**

---

### No. M2002-02194-CCA-R3-PC - Filed October 1, 2004

---

The petitioner, Steve Edward Leach, entered pleas of guilt to first degree murder and rape of a child. The trial court imposed consecutive sentences of life imprisonment without the possibility of parole and 25 years, respectively. There was no direct appeal of the conviction or sentence. Later, the petitioner was denied his application for post-conviction relief. This court affirmed. Steven Edward Leach v. State, No. M1999-00774-CCA-R3-PC (Tenn. Crim. App., at Nashville, Feb. 16, 2001). Counsel for the petitioner failed to make a timely application for permission to appeal to the supreme court and our supreme court denied a request to waive the 60-day period of limitation as prescribed by Tennessee Rule of Appellate Procedure 11. By motion, the petitioner then applied for relief in the post-conviction court. The post-conviction court found that the petitioner was not at fault for failing to timely file a Rule 11 application but denied relief based upon lack of jurisdiction. In this appeal, the petitioner has asked this court to vacate and re-enter its judgment filed February 16, 2001, in Cause No. M1999-00774-CCA-R3-PC. Because our supreme court has ruled under similar circumstances that the petitioner was not entitled to the effective assistance of counsel and was not denied due process of law, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Frank Lannom (on appeal) and Zach Griffith (at trial), Lebanon, Tennessee, for the appellant, Steve Edward Leach.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Tom P. Thompson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 19, 1995, the petitioner was indicted for first degree murder, felony murder, two counts of rape of a child, and attempted rape of a child. On September 4, 1996, the petitioner

entered into a plea agreement with the state whereby he pled guilty to one count each of first degree murder and rape of a child. The trial court imposed a sentence of life without the possibility of parole for the murder to be served consecutively to a twenty-five-year sentence for the rape of a child.

In Steven Edward Leach v. State, No. M1999-00774-CCA-R3-PC (Tenn. Crim. App., at Nashville, Feb. 16, 2001), this court affirmed the denial of post-conviction relief. However, counsel for the petitioner failed to file a timely application for permission to appeal to the supreme court. Further, counsel failed to withdraw as provided by Tennessee Supreme Court Rule 14. On April 15, 2002, the petitioner filed a motion for relief, asking the post-conviction court to make a factual finding that his appointed counsel had failed to either timely file an application for permission to appeal the decision of this court to our supreme court or properly obtain permission to withdraw as required by rule. The post-conviction judge determined that while it was without jurisdiction to vacate or reinstate the opinion of the court of criminal appeals, the petitioner's counsel was responsible for the procedural mishap.

The petitioner has again appealed, asking this court to withdraw and re-enter its affirmance of the denial of post-conviction relief. In response, the state first insists that because the judgment entered by the post-conviction court was merely a factual finding, it could not be appealed under Tennessee Rule of Appellate Procedure 3(b), which provides for an "appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." In the alternative, the state argues that the court of criminal appeals does not have authority to vacate and re-enter its own opinion. It argues that to do so would directly contradict the terms of the Post-Conviction Procedure Act of 1995, citing as authority an order entered in State v. Stella Rodifer, No. E2001-00034-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Mar. 14, 2003). It is the position of the state that State v. Pinkston, 668 S.W.2d 676 (Tenn. Crim. App. 1984), does not extend the remedy of a delayed appeal to second-tier review of the denial of post-conviction relief. Its rationale is that by granting a delayed appeal in a post-conviction case, this court would be granting relief for ineffective assistance of post-conviction counsel, a non-existent entitlement under either the state or federal constitutions. The state cites David Stovall v. State, No. M1999-00937-CCA-R3-PC (Tenn. Crim. App., at Nashville, Dec. 29, 1999), for the proposition that the petitioner is not entitled to the effective assistance of counsel in a post-conviction proceeding.

In Anthony Jerome Stokes v. State, No. E2002-02597-CCA-R3-PC (Tenn. Crim. App., at Knoxville, July 7, 2003), perm. to appeal granted (Tenn. Dec. 22, 2003), a panel of this court rejected the same argument made by the state in this case. As in this instance, Stokes's post-conviction counsel had failed to either timely file an application for permission to appeal to the supreme court or withdraw as counsel as provided by rule. After our supreme court denied the petitioner's motion to file a delayed application for permission to appeal, the petitioner filed a "petition for enforcement of agreement," which he amended to request a writ of error coram nobis and a reopening of his petition for post-conviction relief. The post-conviction court denied relief based upon lack of jurisdiction. An appeal resulted in a remand for an evidentiary hearing to

determine whether there had been a violation of the petitioner's due process rights. See Anthony Jerome Stokes v. State, No. E2000-03232-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Oct. 15, 2001). On remand, the trial court conducted an evidentiary hearing and concluded that the petitioner was free from any fault for his counsel's failure to take appropriate action after the entry of the opinion by the court of criminal appeals. Upon review, this court vacated and reinstated its initial opinion affirming the denial of post-conviction relief, finding that the petitioner had been caught in a "procedural trap" and denied due process. See Anthony Jerome Stokes v. State, No. E2002-02597-CCA-R3-PC (Tenn. Crim. App., at Knoxville, July 7, 2003). In Anthony Jerome Stokes v. State, ___ S.W.3d ___, No. E2002-02597-SC-R11-PC, filed September 23, 2004, however, our supreme court ruled that Stokes was not entitled to the effective assistance of counsel in post-conviction proceedings and held that because Stokes received a full evidentiary hearing and first tier review on his petition for post-conviction relief, there was no due process violation.

Our supreme court, which had not previously addressed the issue presented, acknowledged that there is a statutory right to counsel in a post-conviction proceeding, see Tenn. Code Ann. § 40-30-107(b)(1) (2003), but the right to the effective assistance of counsel applies only through the first appeal as of right. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). In Stokes, the high court held that "[i]f a claim of ineffective assistance of post-conviction counsel does not establish an excuse for a defendant's failure to raise an issue, it similarly cannot provide an excuse for a defendant's failure to timely file a Rule 11 application." Stokes, slip op. at 5. Our high court observed that in the post-conviction setting, constitutional due process requires nothing more than the "opportunity to be heard at a meaningful time" and in a meaningful way. Id., slip op. at 6 (quoting House, 911 S.W.2d at 711). The opinion by our supreme court in Stokes is controlling authority.

Accordingly, the judgment of the trial court denying relief is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE