# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2007

## ANTHONY E. PERRY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-26591     Chris Craft, Judge**

---

**No. W2006-02236-CCA-R3-PC  - Filed June 19, 2008**

---

The Appellant, Anthony E. Perry, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief. Perry was convicted of first-degree felony murder in the perpetration of kidnapping and especially aggravated kidnapping and is currently serving an effective sentence of life imprisonment in the Department of Correction. The convictions were affirmed on direct appeal to this court. In July, 2002, Perry filed a *pro se* petition for post-conviction relief alleging, among other issues, multiple grounds for ineffective assistance of counsel, and, following the appointment of counsel, an amended petition was filed seeking a delayed appeal of his convictions upon the ground that Perry had been deprived of his right to seek second-tier appellate review. At the post-conviction level, the State conceded Perry's entitlement to a delayed appeal. Nonetheless, on September 17, 2002, the post-conviction court denied Perry's post-conviction petition based upon its perceived lack of jurisdiction to grant a delayed appeal, without addressing the merits of Perry's remaining post-conviction issues or reserving them for a later determination. The Appellant then appealed the dismissal of his petition to this court. While the appeal was pending in this court, the post-conviction court entered a second order, on January 2, 2003, reversing its prior dismissal of the petition and granting Perry a delayed appeal. No action was ever taken by Perry in furtherance of the delayed appeal. Perry later moved to voluntarily dismiss his appeal, which was still pending before this court. Within one year from the voluntary dismissal of the appeal, the post-conviction court appointed substitute counsel to represent Perry for the purpose of pursuing the ineffective assistance claims alleged in the petition. Following the filing of three amended post-conviction petitions, a post-conviction hearing was held on December 21, 2005, at which Perry asserted ineffective assistance of counsel based upon trial counsel's (1) failure to seek suppression of his warrantless arrest within his home, in violation of *Payton v. New York*, and (2) failure to request lesser-included instructions at trial. After hearing the evidence presented, the post-conviction court denied the petition upon the merits. Perry now appeals that denial. On appeal, the State initially argues that the post-conviction court was without jurisdiction to review Perry's alleged claims of ineffective assistance of counsel. In support of this argument, the State asserts that the post-conviction court lost jurisdiction of the case when Perry filed a timely notice of appeal to this court from the post-conviction court's order entered on September 17, 2002, denying post-conviction relief. We agree. As the September 2002 order specifically denied the post-conviction petition, without reservation of any issues, Perry's only relief was through the appeal to this court. By voluntarily dismissing that appeal, the Appellant has defaulted those issues which collaterally challenged his conviction. The subsequent order entered by the post-conviction court granting the

delayed appeal had no force and effect, and any actions, including the filing of amended post-conviction petitions, were not validly before the post-conviction court. Thus, the post-conviction court's order of September 5, 2006, denying relief must be reversed and vacated.

## Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Vacated

DAVID G. HAYES, SR.J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Robert Brooks, Memphis, Tennessee, for the Appellant, Anthony E. Perry.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michelle Parks, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

This case presents an extensive and complex procedural history. In the post-conviction court's September 5, 2006 order denying post-conviction relief, the subject of the instant appeal, the court summarized the case history as follows:

In 1996, the Shelby County Grand Jury returned three indictments against the [Appellant] and several other co-defendants. After a trial by jury, at which [the Appellant], represented by two appointed attorneys (the State was asking for the death penalty in this capital case), was found guilty of Murder in Perpetration of Kidnapping, Especially Aggravated Kidnapping, and Conspiracy to Commit Felony Murder. After a sentencing hearing, the jury imposed a life sentence for the first degree felony murder conviction, and the trial judge sentenced the [Appellant] to 20 years and 15 years respectively on the other two offenses, to be served concurrently. A timely notice of appeal was filed, and the Court of Criminal Appeals, in *State v. Anthony Perry*, . . . No. W1999-01370-CCA-R3-CD (Tenn. Crim. App., Jackson, July 13, 2001), affirmed the [Appellant's] convictions for first degree felony murder and especially aggravated kidnapping, but reversed and dismissed the conviction for conspiracy to commit felony murder, holding that it was not a recognizable offense in Tennessee.

[The Appellant] next filed the instant *pro se* petition for post-conviction relief on July 11, 2002. After preliminary review, this court appoint[ed] attorney Josh Spickler to represent him. An amended petition was filed on September 13, 2002, alleging that the [Appellant] had been deprived of an opportunity for a second-tier appeal, as [the Appellant's] trial attorney had neither withdrawn from representation with notice to the [Appellant] nor attempted to seek second-tier review of [the

Appellant's] conviction for Murder First Degree. After a stipulated hearing on this issue with the State in agreement that the trial attorney had neither withdrawn nor given notice to the [Appellant] that he was not going to ask for permission to appeal to the Tennessee Supreme Court, it was agreed that the [Appellant] should be granted a delayed appeal. Thinking that only the Court of Criminal Appeals had jurisdiction to grant the delayed appeal, this court denied the motion not on the merits, but due to lack of jurisdiction, to allow the Court of Criminal Appeals to set aside and then reinstate its judgment to allow the [Appellant] additional time to seek review. Josh Spickler was appointed to handle the appeal as well. After the notice of appeal was filed, this court then became aware that a recent amendment to Tenn. Sup. Ct. R. 28 § 9(d) gave the trial judge jurisdiction to grant a delayed appeal directly, and even though notice of appeal had already been filed, this court nevertheless entered another order reversing its denial, granting the delayed appeal, to resolve any doubt as to the [Appellant's] right to this relief.

Although thus armed with the ability to request permission to seek second-tier review, the [Appellant] nevertheless moved to withdraw his appeal several months later, which was granted by the Court of Criminal Appeals on November 4, 2003. Josh Spickler was allowed to withdraw as attorney due to his decision to concentrate on civil law practice, and Juni Ganguli was appointed to pursue the original post-conviction petition on the merits on August 31, 2004, within one year from the withdrawal of the appeal. The petition was reopened, and Mr. Ganguli filed a second amended petition on February 23, 2005, prior to a hearing on the merits. Two days after the filing, the [Appellant] secured privately retained attorney Robert Brooks, who was allowed to substitute as counsel. A third amended petition, styled "Amendment to the Amended Petition for Post-conviction Relief" was filed September 28, 2005, the State of Tennessee filed a response on December 21, 2005, and a hearing was had on the merits, with one of the [Appellant's] trial attorneys and the [Appellant] himself being called by [the Appellant] as his only two witnesses. The State elected to put on no additional proof.

At the December 21, 2005 post-conviction hearing, the State initially asserted that the petition was barred by the statute of limitations. The post-conviction court, however, stated that the petition was timely because the ineffective issues in the initial *pro se* petition were stayed by operation of law when the delayed appeal portion of the petition was granted by the January 2003 order and that no order was ever entered dismissing the petition. According to the court, once the appeal was withdrawn, the original petition was reactivated, and the Appellant was allowed to file the amended petitions. The post-conviction court proceeded to hear the proof with respect to the Appellant's two alleged claims of deficient performance by trial counsel.

Following the hearing, the post-conviction court took the matter under advisement and issued a detailed order denying relief on September 5, 2006. The Appellant subsequently filed a timely notice of appeal of the denial.

**Analysis**

On appeal, the Appellant challenges the post-conviction court's denial of his petition for post-conviction relief. He asserts that he was denied his right to the effective assistance of counsel at trial in that trial counsel: (1) failed to raise the issue of his illegal arrest within his residence, in violation of *Payton v. New York*; and (2) failed to request lesser-included jury instructions. The State argues, however, that this court may not reach the merits of the Appellant's arguments because the post-conviction court "did not have jurisdiction to hear the amended post-conviction petition." After review of the record, we agree that the post-conviction court was without jurisdiction to address the ineffective assistance of counsel claims.

As a general rule, the trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) (citing Tenn. R. App. P. 4(a), (c)); *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). Once the judgment becomes final or a timely notice of appeal is filed, the trial court loses jurisdiction over the matter. *Pendergrass*, 937 S.W.2d at 837. As such, once a judgment becomes final, a court loses jurisdiction to amend it. *State v. Peele*, 58 S.W.3d 701, 705-06 (Tenn. 2001). Any judgment entered beyond the jurisdiction of a court is void. *Id*. An order denying post-conviction relief is a final judgment and subject to the Rules of Appellate Procedure. *State v. McKnight*, 51 S.W.3d 559, 564 (Tenn. 2001).

The State, in support of its argument, relies upon *Joseph Maka v. State*, No. W2003-01209-CCA-R3-CD (Tenn. Crim. App. at Jackson, Oct. 11, 2004). In that case, the post-conviction court entered an "Agreed Order Granting Post Conviction Relief" on December 31, 2002. *Maka*, W2003-01209-CCA-R3-CD. Forty-three days later, on February 12, 2003, the post-conviction court entered an "Order Vacating Previous Order Granting Post Conviction," upon grounds that there was not a factual basis to grant the relief given. *Id*. The petitioner objected, arguing that the original order could not be vacated because it became final thirty days after entry. *Id*. Nonetheless, the post-conviction court conducted an evidentiary hearing and concluded that the petition was without merit. Consequently, on May 1, 2003, the post-conviction court entered a "Final Order Denying Post-Conviction Relief." *Id*. On appeal to this court, the petitioner challenged the post-conviction court's jurisdiction. *Id*. This court agreed that the post-conviction court was without jurisdiction to vacate the initial order after the order became final. *Id*. As such, this court concluded that the subsequent order denying post-conviction relief was a nullity and must be vacated. *Id*. Further, the court expressed no opinion upon the merits of the remaining issues raised on appeal, as they were not properly before the court. *Id*.

As in *Maka*, the post-conviction court in this case exceeded its jurisdiction. On July 11, 2002, the Appellant filed a *pro se* petition alleging multiple grounds for relief. Following the appointment of counsel, an amended petition was filed on September 13, 2002, which asserted that the Appellant had been deprived of his right to a second-tier appeal. A hearing was apparently held at which the State agreed that the Appellant had been deprived of this right. It appears that no other issues were addressed at the hearing. The post-conviction court, believing it was without authority

to grant the Appellant a delayed appeal, entered the following order on September 17, 2002, styled "Order Denying Post-Conviction Relief."

> This cause came on to be heard this 16th day of September, 2002, on the filing of a Petition for Post-conviction Relief, response of the State of Tennessee, statements of counsel and the record as a whole[.] . . .
>
> . . . .
>
> One of the allegations in the above-styled petition for post-conviction relief is that [the Appellant's] attorney neglected to request a second-tier appeal to the Tennessee Supreme Court, or to withdraw and notice [the Appellant] that he would no longer be responsible for taking further action. By consent, after talking with [the Appellant's] trial attorney on the date of the hearing of this petition, the state and attorney for [the Appellant] stipulated that [the Appellant's] allegation has merit. If the proof establishes that the [Appellant], through no fault of his own, was denied the opportunity of second-tier appellate review, courts should, pursuant to case law, grant him the opportunity to seek review on a delayed basis. *See Pinkston v. State*, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984) (holding that "unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal"). However, a trial court hearing a petition for post-conviction relief has no power to vacate the judgment of the Court of Criminal Appeals and extend the time for applying for certiorari. Therefore this court, acting as the finder of fact, finds that [the Appellant] is deserving of relief, because his attorney neglected to either attempt to seek second tier review or in the alternative, withdraw from [the Appellant's] case. This Court denies the petition, however, solely for lack of authority to grant the relief sought, and finding [the Appellant] indigent, appoints [the Appellant's] appointed counsel, Josh Spickler, to represent him on appeal of this Order.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the above-styled Petition for Post-conviction Relief is denied for lack of authority to grant relief.

On October 7, 2002, the Appellant filed a timely notice appealing the denial of the petition. At this point, the post-conviction court clearly lost jurisdiction over the case. Because the court was without jurisdiction over the case, the subsequent order entered by the post-conviction court on January 2, 2003, reversing the September 2002 order denying relief and granting the Appellant a delayed appeal was a nullity and had no force and effect whatsoever. We would note that, even had the Appellant not filed notice of appeal, the post-conviction court was without jurisdiction to enter the January 2003 order, because the order was entered more than thirty days after entry of the September 2002 order, which became final at that time.

The question then follows as to what effect the September 2002 order had upon the remaining ineffective assistance of counsel claims, which were not addressed by the post-conviction court. A reading of the order compels the conclusion that the post-conviction court denied the entire petition for post-conviction relief. The proper procedure, pursuant to Tennessee Supreme Court Rule 28, § 9(D)(2)(b)(i), was for the court to have stayed the remaining ineffective assistance of counsel claims pending the final disposition of the delayed appeal. Although the court makes no mention in its September 2002 order of the ineffective assistance of counsel claims alleged in the petition, there is no language in the order indicating that the court reserved or stayed the issues for later consideration.[1] As noted by the post-conviction court in its 2006 denial of relief, the proper remedy for the Appellant was through appeal of the September 2002 order to this court, which was filed by the Appellant. However, the Appellant chose to voluntarily dismiss that appeal. Had he pursued the appeal, this court would have addressed all issues in the petition or remanded for a hearing on the ineffective issues following the completion of the delayed appeal. As such, the petition would have been held in abeyance, and amended petitions could have been filed to address issues which subsequently arose. However, when the Appellant dismissed the appeal, he waived his right to challenge any issues contained within that petition. *See* T.C.A. § 40-30-102 (2006); *Pike v. State*, 164 S.W.3d 257, 267 n.10 (Tenn. 2005).

Because the post-conviction court had no jurisdiction to enter the second order reversing its denial of the petition, any subsequent action by the court was a nullity. Accordingly, the final 2006 order entered by the court denying post-conviction relief in this case, which is the subject of the instant appeal, is not a valid order. As such, it must be reversed and vacated.

## CONCLUSION

Based upon the foregoing, the judgment of the post-conviction court, as reflected by its order of September 5, 2006, is reversed and vacated.

_____
DAVID G. HAYES, SENIOR JUDGE

---

[1] We would acknowledge that the court implies on the record at the 2005 post-conviction hearing that the ineffective assistance of counsel claims within the petition were stayed by the 2002 order. Moreover, the record demonstrates that the post-conviction court's order of January 2, 2003, which we have concluded is a nullity, *see supra*, did recite this court's holding in *Gibson v. State*, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998) that "when an appellant seeks post-conviction relief both in the form of a new trial and a delayed appeal, our courts have held that the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice." However, review of the September 2002 order fails to reveal that the order either stayed the proceedings, as required by Supreme Court Rule 28, or dismissed the collateral attack of the conviction, *i.e.*, the ineffective assistance of counsel claims, as required by *Gibson*. Again, the 2002 order denied the Appellant's petition in its entirety.