# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## AUGUST SESSION, 1998

FILED

November 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,   )   C.C.A. NO. 02C01-9709-CC-00360
)
   Appellee,   )
)
)   FAYETTE COUNTY
VS.   )
)   HON. JON KERRY BLACKWOOD
JACOB MEEKS,   )   JUDGE
)
   Appellant.   )   (Post-Conviction)

## DISSENTING OPINION

Although I agree with the majority opinion that the error of the trial court clerk in giving the appellant proper notice pursuant to Rule 14, Rules of the Supreme Court, may have cost the appellant his right to apply for permission to appeal to the Tennessee Supreme Court, I must dissent from the holding of the Court that such an omission entitles the appellant to post-conviction relief in the form of a delayed appeal.

Tennessee Code Annotated Section 40-30-203 provides that relief under the Post-Conviction Act shall be granted:

> . . . when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.

Tennessee Code Annotated Section 40-30-213 allows a delayed appeal when a

1

criminal defendant is <u>unconstitutionally</u> denied an appeal from his conviction.[1]  In

<u>Pinkston v. State</u>, 668 S.W.2d 676 (Tenn. Crim. App. 1984); this Court concluded

that as a matter of state constitutional law the right to the effective assistance of

counsel mandated that counsel may not unilaterally act in such a way so as to deny

a criminal defendant second tier review of his conviction in the Tennessee Supreme

Court.  <u>Id.</u> at 677.  Thus, following an affirmance of a conviction on direct appeal,

counsel has a duty to timely file an application for permission to appeal pursuant to

Tenn. R. App. P. 11, or to withdraw from the case pursuant to Rule 14, Rules of the

Tennessee Supreme Court.  This latter rule requires, in order for counsel to

withdraw, that the defendant be fully apprised in a timely fashion of his rights to

second tier review and how to pursue these rights.  Only then will the appellate court

allow counsel to withdraw.  Failure to either file a timely application for permission

to appeal or to properly withdraw under Rule 14 of the Rules of the Supreme Court

would result in the grant of a delayed opportunity to present an application for

permission to appeal to the Tennessee Supreme Court.  <u>Id.</u>

Prior to the adoption of Rule 28, Rules of the Tennessee Supreme Court,

governing post-conviction relief procedure, the delayed opportunity at second tier

review was obtained by the mechanism of having the trial court conduct an

evidentiary hearing wherein the reason for the failure to file a timely application for

permission to appeal is established.  If it is established that the failure is the result

of the unilateral act of counsel in derogation of counsel's state constitutional duty to

give effective assistance, the trial court nevertheless denied the post-conviction

petition.  On appeal however, this Court could then vacate its previous judgment and

then reinstate the judgment immediately so as to start again the time period for filing

---

[1]The legislature could of course authorize a delayed appeal in cases where the deprivation of an appeal is the result of non-constitutional errors.  To date however it has not done so.

an application for permission to appeal. Id. at 677-78.

In 1996 the Tennessee Supreme Court, pursuant to a legislative directive to adopt rules governing procedure in cases arising under the Post-conviction Procedures Act, adopted Rule 28, Rules of the Tennessee Supreme Court. See, Tenn. Code Ann. Sec. 40-30-218. rule 28, Sec. 9(D) allows this Court to grant a delayed opportunity for second tier review when we find:

> . . . that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure.

While a literal reading of this rule might lead one to conclude that it would cover the situation presented here, i.e. deprivation of discretionary review through the error of a trial court clerk, it must be remembered that Rule 28 is intended to be consistent with the Post-Conviction Procedures Act. See, Tenn. Code Ann. Sec. 40-30-218. Therefore, in my opinion Rule 28 cannot be read to grant a right to delayed second tier review unless the deprivation of such review is the result of an abridgement of a state or federal constitutional right such as the state constitutional right to effective assistance of counsel. See, Pinkston v. State, supra.

Heretofore, any violation of Rule 14 which resulted in the deprivation of second tier review has been tied to the actions or inactions of the defendant's lawyer which constitutes ineffective assistance of counsel under the state constitution. I am unaware of any case announcing a constitutional right to have a trial court clerk give notice as required by Supreme Court Rule 14, and I do not believe any such right exists.[2]

Thus, I do not believe the trial court clerk's error under Rule 14 entitles the appellant to post-conviction relief so long as the trial court's findings of fact,

---

[2]It must also be remembered that there is no per se constitutional right to even a first tier appeal much less discretionary second tier review. State v. Gillespie, 898 S.W.2d 738, 741 (Tenn. Crim. App. 1994).

adequately supported by the record, establishes counsel acted properly under Rule 14, Rules of the Tennessee Supreme Court.[3]

For these reasons, I dissent.

_____
JERRY L. SMITH, JUDGE

---

[3]The majority concedes that the trial court's finding that counsel fulfilled his obligations under Rule 14 is adequately supported by the record and that this Court is bound by this finding.