IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 15, 2015

## RICHARD ANTHONY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. 15-CR-093    Andrew Mark Freiberg, Judge**

_____

**No. E2015-00850-CCA-R3-PC – Filed November 2, 2015**

_____

The petitioner, Richard Anthony, filed a post-conviction petition, seeking relief from his 1990 convictions for aggravated robbery and conspiracy to commit aggravated robbery, and resulting concurrent sentences of twelve years and six years, respectively. As we understand, the petitioner claims that, although he has had no contact with trial counsel in the last twenty-five years, he was unaware that counsel was not pursuing a second-tier appeal of the convictions. As relief, he asks that his convictions be vacated or, in the alternative, that he have counsel appointed to pursue a second-tier direct appeal of his convictions. The post-conviction court determined both that his petition was untimely and without merit, even if considered as a motion to reopen a similar 1997 petition. Following our review, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Richard Anthony, Atlanta, Georgia, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Renee W. Turner, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

### FACTS

This is a convoluted legal matter, which we will explain as we believe it to be. Following two trials in which the jury was unable to reach verdicts, the petitioner was convicted in his third trial of aggravated robbery and conspiracy to commit aggravated robbery. See State v. Anthony, 836 S.W.2d 600, 602 (Tenn. Crim. App. 1992). The

record on appeal in this matter is sparse; so, we will primarily rely upon the April 21, 2015 order of the post-conviction court dismissing the petitioner's latest try for relief. According to that order, he filed a pro se notice of appeal of his convictions in January 1991, as well as a motion to dismiss appointed trial counsel and a motion to obtain certain trial evidence. The following month, the assailed appointed trial counsel filed a motion for new trial. The trial court denied that motion and appointed trial counsel to represent the petitioner also in his direct appeal. Counsel filed a timely notice of appeal. The petitioner sought to have new counsel appointed for the appeal, filed a pro se motion for release on bond, and, later, a motion to compel appointed counsel to file an appellate brief. At some point, appointed counsel apparently filed an appellate brief, and, ultimately, this court affirmed the convictions, as previously set out.

In September 1993, the petitioner filed a pro se motion styled "Application for Writ of Habeas Corpus or in the alternative Petition for Post-Conviction Relief." The 1993 post-conviction court treated the filing as being in the latter category and determined that it was without merit, except for the complaint that appointed counsel had not filed an application for permission to appeal this court's decision affirming the convictions. The same counsel was appointed to pursue the second-tier appeal, and, upon his doing so, the post-conviction petition was dismissed. As counsel attempted to pursue the further appeal, the petitioner next sought to amend his still pending post-conviction petition in a way not disclosed in the record. The State opposed the amendment and in September 1994, this court determined, as set out in its order, that appointed counsel was using an improper procedure in seeking a second-tier appeal, directing that counsel adhere to the process set out in Pinkston v. State, 668 S.W.2d 676 (Tenn. Crim. App. 1984). That same month, the petitioner filed another pro se motion seeking to have a different attorney appointed to represent him. In January 1995, he filed another pro se motion to the same effect. That same month, the trial court entered an order apparently dismissing another pro se petition for post-conviction relief which, apparently, had been filed earlier in January 1995. In that order, which is not contained in the record on appeal, the trial court found that trial counsel had been ineffective by not seeking a second-tier review in the direct appeal process but that the attorney error was harmless, and the petitioner was not harmed thereby. The petitioner did not appeal that order.

The next event in this matter occurred in January 1997, when the petitioner filed a pro se motion to reopen his 1993 petition for post-conviction relief. According to the petitioner, his trial counsel, who had been determined in 1995 to have been ineffective for not correctly seeking a second-tier appeal but that his error had been harmless, was responsible for appealing that finding. In April 1997, the post-conviction court entered an order dismissing that pleading, finding that the petitioner had failed to appeal the 1995 proceeding. That 1997 order was not appealed by the petitioner.

Eighteen years later, on March 3, 2015, the petitioner filed another petition for post-conviction relief, reciting that it was his first such petition, and setting out grounds for relief which, according to the court's order dismissing the petition, "the very same grounds litigated in Petitioner's first petition for post-conviction relief, Petitioner's amended petition for post-conviction relief, and Petitioner's motion to reopen petition for post-conviction relief." It is that ruling which is the basis for this appeal.

## ANALYSIS

Tennessee Code Annotated § 40-30-102(c) "contemplates the filing of only one (1) petition for post-conviction relief [and] [i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tenn. Code Ann. § 40-30-102(c). The petitioner does not disclose that his latest try for post-conviction is at least his second and, perhaps, the third. Because the Post-Conviction Procedure Act precludes the filing of a second petition for post-conviction relief, this petition, as filed, was subject to summary dismissal. For this reason alone, the post-conviction court was correct in summarily dismissing the petition. The post-conviction court additionally found that the latest petition was untimely. To leap this hurdle, the petitioner had set out that "he did not know that his attorney was not going to pursue appellate review, and he was never informed of his right to appeal pro se." Thus, in his view, his deadline for filing his petition was tolled. However, his 1995 petition made this same claim, and the court, at that time, concluded that, while counsel was ineffective by not seeking the second-tier appeal, the error was harmless. As to the petitioner's claim he was unaware he could have filed a pro se motion for a second-tier appeal, we note that he has been a prolific pro se litigant. Thus, we conclude, as did the post-conviction court, that this petition is without merit and should be dismissed.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's order of dismissal in this matter.

_____
ALAN E. GLENN, JUDGE

3